Helm v. Coffey.

CASE 34—ORDINARY—MARCH 28, 1882.

# Helm v. Coffey.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. In a common law action, where the law and facts are submitted to the court, a motion and grounds for a new trial are necessary in order to obtain a review by this court of the judgment.

2. In their absence, nothing is before this court except the question whether the pleadings state a cause of action. All else is waived.

3. The judgment is not flagrantly against the evidence.

GEORGE W. JOLLY FOR APPELLANT.

Although the cause was submitted to the court for a trial of law and fact, no motion for a new trial nor grounds were necessary. (Union Ins. Co. v. Groom, 4 Bush, 289; Blakey v. Johnson, 13 Ib., 202; McHugh v. Schuylkill, 67 Penn. St., 391.)

OWEN & ELLIS FOR APPELLEE.

1. The judgment is abundantly sustained by the evidence. (Miller v. Hughes, 1st A. K. Mar.; Saufley v. Howard, 7 Dana.)

2. This case is the same as if it had been tried before a jury, and inasmuch as no motion for a new trial was made upon grounds filed, this court will not reverse except for error in pleading.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The principal question to be considered is, whether a motion and grounds for a new trial are necessary in a common law action where the law and facts·are submitted to the court without a jury.

We are of opinion that such motion and grounds for new trial are necessary in order to a review by this court of any alleged error committed by the court below during the progress of the trial. In the absence of a motion and grounds for a new trial, nothing is brought to this court for review on appeal except the inquiry as to whether the pleadings state any cause of action or any defense, and whether the evidence heard and properly presented by bill authorize the judgment. Every other error is waived by the failure to

call the attention of the court below to it by motion and specific grounds assigned. This requirement seems to us as. important where there is no jury as where there is a jury, for ordinarily questions of law are for the court, and questions. of fact for the jury, and a failure to call for a jury operates. simply to make the court the judge of the facts as well as of the law, but does not, in any way, alter the practice as to the manner in which any alleged error of the law committed' by the court may be taken advantage of. (Harper v. Harper, 10 Bush, 454.) And in either case the attention of the court should be specifically called to the error complained of, in order to afford an 'opportunity for correction, as is required by assignments of errors in this court. The case of Union Insurance Cò. v. Groom, 4 Bush, decides nothing more than that when the law and facts are submitted to the court below, this court may, without motion and grounds for new trial, pass upon the question of the sufficiency of the evidence to sustain the judgment. The reasoning of the court in that case bears as authority only on the question presented by the record for adjudication.

As the grounds for a new trial in this case, when the law and the facts were submitted to the court, are too general to authorize an inquiry into the assignment of errors, and as the pleadings present a cause of action and a defense, we will consider only whether the facts justify the judgment. Waiving the consideration of any other question in the case, it is clear that an issue was found upon the inquiry as to whether there was a ratification by appellant of the alteration in the note sued on. Upon this issue the evidence is conflicting, and it may be conceded that the weight of the evidence is adverse to the conclusion that.

there was a ratification; but as it is not so obviously and flagrantly opposed to the conclusion reached by the court below as to strike the mind, at first blush, as radically wrong, we cannot disturb the judgment.

Judgment affirmed.

Petition for rehearing overruled.