CASE 30—PETITION ORDINARY—FEBRUARY 23.

# The Albin Company v. Ellinger & Company.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. PRACTICE IN CIVIL CASES—TRIAL BY COURT—SEPARATION OF CONCLUSIONS.—Under the provisions of sec. 332 of the Civil Code that upon the trial of questions of fact by the court, either party may request the court to state in writing the conclusions of fact found separately from the conclusions of law, such request is not required to be made before judgment is rendered, but should be made thereafter within the time allowed by law for entering a motion for a new trial.

2. PRACTICE IN CIVIL CASES.—Upon the trial of an ordinary action by the court without a jury, a motion for a new trial is necessary to have reviewed on appeal any error committed by the lower court during the trial; and if there is any evidence to sustain the judgment it will be affirmed in the absence of such motion.

T. BURGEVIN FOR APPELLANT.

1. It is not necessary that there should be a separation of the conclusions of law and fact in order to enable this court to review the judgment; nor is a motion for a new trial necessary to enable the party to maintain an appeal. Union Ins. Co. v. Groom, 4 Bush, 289; Hartford Ins. Co. v. Haas, 87 Ky., 540; Helm v. Coffee, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678.

2. Although there is no separate findings of law and fact the judgment will be reversed by this court if there is no evidence to sustain it. William Glenny Glass Co. v. Taylor, 17 Ky. Law Rep., 1332.

The Albin Co. v. Ellinger & Co.

2. Appellee having shipped the goods to appellant without allowing the discount as stipulated by him in the order, there was no sale unless appellant assented to paying the list price; this he did not do, but sent the goods back, and under the circumstances there was no contract for the sale of the goods, because there was no meeting of minds. Rupley v. Doggett, 74 Ill., 351; Rovegno v. .Deffarari, 40 Cal., 459; New Haven R. R. Co. v. Jackson, 24 Conn., 514; Green v. Bateman, 2d W. & N., 359.

SAMUEL B. KIRBY FOR APPELLEE.

1. In an ordinary action in which the law and facts are submitted to the court without the intervention of a jury, without a separation of the findings of law and fact this court will only review the sufficiency of the pleadings. Osborn Co. v. Reeves, 16 Ky. Law Rep., 239; Muncy, &c. v. DeJarnett, 15 Ky. Law Rep., 879; Cream City Sash Co. v. Cochran, 15 Ky. Law Rep., 45; Fowler v. Archibald, 15 Ky. Law Rep., 270; Billington v. Fayette National Bank, 15 Ky. Law Rep., 59; Utley v. Sisk, 15 Ky. Law Rep., 605; Feland v. Sterman, 15 Ky. Law Rep., 271; Wilson v. Brown, 14 Ky. Law Rep., 240; Life Ins. Co. v. Gividen, 13 Ky. Law Rep., 970; Planters National Bank v. Imzgav, 13 Ky. Law Rep., 972; American Aid Society v. Bronger, 91 Ky., 406.

2. The separation of the conclusions of law and fact provided for by sec. 332 of the Civil Code, should be asked for before the motion for a new trial is made, and before the judgment is entered. Mutual Life Ins. Co. v. Gividen, 13 Ky. Law Rep., 970; Planters National Bank v. Imzgav, 13 Ky. Law Rep., 972; Weir v. Dicker, 11 Ky. Law Rep., 523; Martin v. L. & N. R. R. Co., 12 Ky. Law Rep., 985; Seeley v. Potter & Co., 11 Ky. Law Rep., 485; Ward v. Johnson, 11 Ky. Law Rep., 525; Feland v. Sterman, 15 Ky. Law Rep., 27; Harbor v. Harris, 8 Ky. Law Rep., 965.

3. The goods were kept by the defendant a month or more and were shipped back to plaintiff without any notice whatever of his rejection of them, or any explanation; when the purchaser refuses to accept goods because they are not equal to the sample, notice of non-acceptance is requisite. Benjamin on Sales, sections 977, 918 and 793; Wartman v. Breed, 117 Mass., 18; Suit v. Barnell, 33 Wis.; Exhaust Ventilator Co. v. Chicago R. R., 69 Wis., 454; Rodman v. Gifford, 112 Mass., 405; Lent v. Paddleford, 10 Mass.,

[16]

230; Am. & Eng. Ency. of Law, vol. 20, page 71; Waite v. Moffet,. 21 Ill., 110;. Nichols v. Moss, 100 Mass., 523.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Jefferson Circuit Court by the appellee against the appellant. It is alleged in the petition that between October 19, 1894, and December 7, 1894, at the special instance and request of the defendant, he sold and delivered to defendant at the times and prices set out in an itemized account filed herewith, and marked exhibit A, the articles and merchandise therein stated, which were reasonably worth at the times of their respective deliveries the sums stated in said account; the said sums amounting in the aggregate to $282.15; and said defendant agreed to pay for said merchandise the said sum; that said sum is due and no part thereof has been paid, though payment thereof has been demanded, but refused. The itemized account shows the sum of $282.15.

In the answer of defendant it denies that between October 19, 1894, and December 7, 1894, at the special instance and request of defendant plaintiff sold and delivered to it at the times or for the prices stated in the itemized account filed with the petition the articles of merchandise mentioned in said account or that said articles of merchandise were reasonably worth at the times stated in the petition the sums stated in the said account or that they were worth the sums charged therefor or that they were worth in the aggregate the sum of $282.15, or that this defendant agreed to pay for said merchandise the sum of $282.15. It denies that said sum is due or that

no part thereof has been paid, or that payment thereof has been demanded or refused. It further denies that it is indebted to the plaintiff in any sum whatever, except as hereinafter stated.

For further answer to the petition herein, this defendant states that the goods included in the invoice of October 19, 1894, mentioned in exhibit A, filed with the petition, were each and all of inferior quality, and were not the goods ordered by this defendant, and were charged to this defendant at a greater price than he agreed to pay, and that immediately upon the receipt of said goods this defendant notified the plaintiff that the goods were not satisfactory and immediately shipped the goods back to said plaintiff. It states that the goods mentioned in the invoice of November 27, 1894, were of inferior quality and were not the goods ordered by this defendant, and that they were billed to this defendant at a greater price than it had agreed to pay for the goods ordered and that immediately upon the receipt of said goods this defendant notified the plaintiff that said goods were not the goods ordered by it, and immediately shipped said goods back to the plaintiff. This defendant states that the goods mentioned in the invoice dated December 7, 1894, were not the goods ordered by this defendant; that they were of inferior quality, and were billed to this defendant at a greater price than it had agreed to pay for the goods, and that immediately upon the receipt of said goods, it notified the plaintiff that said goods were not the goods ordered by it, and that it immediately shipped said goods back to said plaintiff.

This defendant further states that it is entitled to a credit of $1.40 expressage paid by this defendant on goods returned to plaintiff as above mentioned, and is entitled to a further credit of $6.89, said sum being the discount on the bill of November 13, 1894, at 5 per cent., and that it was agreed between the plaintiff and defendant at the time said goods mentioned in the invoice of November 13, 1894, that if this defendant should pay for said goods within —— days from the date of invoice, that he should receive a credit of 5 per cent. on the amount of said bill, which percentage amounts to the sum of $6.89, and that this defendant tendered to the plaintiff the amount of said bill within the time specified, but that said plaintiff refused to accept or receive same. Defendant states that after giving it the credits to which it is entitled as aforesaid there is a balance due from it to the plaintiff of $150.46, and no more, and that it did on the day ————, 1895, tender to the plaintiff the said sum of $150.46, in full settlement of its account, and that the plaintiff refused to receive the same; that it has always been ready and is now ready and willing to pay the plaintiff $150.46, and now pays the same into court in this action in full discharge and satisfaction of its indebtedness to the plaintiff.

On the 19th of April, 1895, judgment was rendered against appellant for the sum of $150.46, the uncontroverted part of plaintiff's claim herein. The reply of plaintiff reads as follows:

The plaintiff for reply to the answer herein denies that the goods in the said invoice of October 19, 1894, were

each or any of them of inferior quality, and were not the goods ordered by defendant or charged to defendant at a greater price than he agreed to pay, or that immediately upon the receipt of said goods, or at any time the defendant notified the plaintiff that said goods were not satisfactory, or immediately or at any time shipped said goods back to plaintiff, but plaintiff admits that more than a month, to-wit., on or about November 23, 1894, after said goods were delivered to the defendant, without any notice or explanation being given to plaintiff, a package whose contents were unknown to him and purporting to be from defendant, was offered to be delivered to plaintiff, but plaintiff, for reasons given, refused to and did not accept the same. Plaintiff denies that the goods mentioned in said invoice of November 7, 1894, or any of them were of inferior quality, and say that they were the goods ordered by defendant, and denies that they were billed to defendant at a greater price than it had agreed to pay for said goods, and denies that immediately, upon receipt of said goods or at any time, the defendant notified the plaintiff that said goods were not the goods ordered by it, or immediately or at any time shipped said goods back to the plaintiff, but plaintiff admits that after said goods were delivered to the defendant, without any notice or explanation being given to plaintiff, a package whose contents were unknown to him and purporting to be from defendant was offered to be delivered to plaintiff, but plaintiff, for the reasons given, refused to and did not accept same.

Plaintiff says said goods mentioned in the invoice dated

December 7, 1894, were the goods ordered by the defendant, and denies that they or any of them were of inferior quality or were billed to defendant at a greater price than it had agreed to pay for said goods, or that immediately upon the receipt of said goods or at any time it notified the plaintiff that the said goods were not the goods ordered by it, or that it immediately, or at any time, shipped said goods back to plaintiff, but plaintiff admits after said goods were delivered to the defendant, without any notice or explanation being given to plaintiff, a package whose contents were unknown to him and purporting to be from defendant was ordered to be delivered to plaintiff, but plaintiff, for the reasons given, refused to and did not accept the same.

Plaintiff denies that defendant is entitled to a credit of $1.40 expressage as alleged, or is entitled to a further credit of $6.89, or that said sum was or is the discount on said bill of November 13, 1894, or that it was agreed that said goods mentioned in said invoice of November 13, 1894, that defendant should receive a credit of 5 per cent. of the amount of said bill, or that the percentage amounts to the sum of $6.89, or any sum, and denies that defendant tendered to plaintiff the amount of said bill at said time or at any time, and denies that plaintiff refused to accept or receive the same, and denies that there are any credits to which defendant is entitled, or that after giving such credits, there is a balance due the plaintiff of $150.46, and no more or any balance other than that claimed in the petition, and denies that defendant did, on said date, or at any time, tender the plaintiff

the sum of $150.46, or any sum in full settlement of its account or for any purpose, or that plaintiff refused to receive same, and denies that it has always been ready to pay plaintiff $150.46 in full discharge or satisfaction of its indebtedness to plaintiff or for any purpose.

On the 13th of May, 1895, defendant filed an amended answer in which it is claimed that in addition to the credits claimed in the original answer, it is entitled to a credit of $3.90 for an overcharge of six garments billed and charged to this defendant by the plaintiff in the invoice of November 13, 1894, and defendant states that by oversight and mistake the said credit was omitted from the original answer herein, and files herewith as part of this answer as amended, an itemized statement showing the condition of the account between plaintiff and defendant and marks the same exhibit A.

A demurrer to the amended answer was filed, which was overruled by the court. Plaintiff by reply denied the allegations of the amended answer. Defendant for rejoinder to plaintiff's reply said: The defendant for rejoinder to plaintiff's reply herein denies that more than a month after said goods were delivered to the defendant or on or about November 23, 1894, without any notice or explanation being given to plaintiff, a package whose contents were unknown to plaintiff, or purporting to be from defendant, was offered to be delivered to plaintiff, or that the plaintiff for the reasons given refused to or did not accept same. This defendant further denies that the goods mentioned in the invoice of November 21, 1894, were the goods ordered by this defendant, or that after

said goods were delivered to defendant, without any no-tice or explanation being given to plaintiff, a package whose contents were unknown to plaintiff or purporting to be from defendant, was offered to be delivered to plaintiff, or that plaintiff, for reasons given or at all, refused to or did not accept the same. The defendant further denies that after said goods were delivered to the defendant, or with-out any notice or explanation being given to plaintiff, a package whose contents were unknown to plaintiff or purporting to be from defendant was offered to be de-livered to plaintiff, or that the plaintiff, for reasons given or at all, refused to or did not accept the same.

The law and facts were submitted to the court without a jury, and on the 11th of April, 1896, the court rendered a judgment in favor of plaintiff against defendant for the sum of $131.59. On the 29th of April, 1896, the de-fendant moved the court to set aside the judgment ren-dered, and to separate the finding of law and facts herein, and on the 29th of May, 1896, the court overruled said motion to which defendant excepted, and prayed an ap-peal to the Court of Appeals, which was granted, and three weeks' time was given to file bill of exceptions, which bill of exceptions was in due time filed and made part of this record.

It is the contention of appellant that the court erred in refusing to give a separate finding as to the law and facts, and it is also contended that the law and facts, as shown by the bill of exceptions, did not authorize the judgment rendered in the case, and therefore the judg-ment should be reversed.

It is contended by appellee that the request for a separation of law and facts should have been asked before the rendition of the judgment, and that refusal to sustain the motion therefor was not error, and that inasmuch as there was no separation of law and facts that the only question which this court can consider is whether or not the pleadings are sufficient to support the judgment. It will be seen that there was no motion for a new trial.

It may be conceded that a number of decisions rendered by the Superior Court sustain the contention of appellant; that in the absence of a separation of law and facts that nothing can be considered by this court except the sufficiency of the pleadings, and it may also be conceded that decisions of the Superior Court hold that the request for a separation of the findings as to the law and facts must be made before the rendition of the judgment.

We have been referred to no decision of this court which sustains the contention that the request for a separation of law and facts must be made before the rendition of the judgment.

Section 332 of the Code of Practice reads as follows:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it with a view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

It seems to us unreasonable to require a party to make such request before he had any evidence or reason to believe that he would desire to except to the decision of the court. The presumption is that each party would be expecting a favorable decision, and the reasonable inference from such a request would be that he was at least apprehensive of an adverse decision, else he would not be preparing in advance to except. It seems clear to us that the clear interpretation or meaning of the Code *supra* is that a party need not ask for such separation until after the judgment is rendered, for until then he could not know, and should not be required to anticipate an adverse decision, or one to which he might desire to except. It seems to us, however, that from the analogy of law as to motions for new trials, that a party desiring such a separation should within a reasonable time after the rendition of the judgment make his request for the separation provided for, and that he should be required to do so within the same period that the law provides for the filing of grounds and making motion for new trials.

In the case at bar the request for a separation of the finding of law and facts was not made until about eighteen days after the rendition of the judgment complained of; hence the court properly refused the request. There is a bill of exceptions in this case in which the evidence introduced upon the trial appears, and it is the contention of appellant that the evidence does not support the judgment. The law seems to be well settled by this court that where there is a trial of a common law action by the

court, without a jury, that a motion for a new trial is necessary in order for this court to review any alleged error committed by the court below during the progress of the trial, and the weight of authority seems to be that if there is any evidence to support the judgment that the same will be affirmed.

In Helm v. Coffee, 80 Ky., 176, the court said:

"In the absence of a motion and grounds for a new trial, nothing is brought to this court for review on appeal except the inquiry as to whether the pleadings state any cause of action or any defense, and whether the evidence heard and properly presented by bill authorizes the judgment. Every other error is waived by the failure to call the attention of the court below to it by motion and specific grounds assigned."

In the case of Henderson, &c., v. Dupree, &c., 82 Ky., 681, the court said:

"In the absence of a motion for a new trial, this court will not consider the evidence in the case as it would if it had been made; but yet it is proper to determine whether there is any testimony whatever to support the verdict and judgment, because if none, then only a question of law was presented to the judge of the lower court, and a party ought not to be required to call his attention to the fact that the adverse party has no case or defense whatever."

The opinion in The American Mutual Aid Society v. Bronger, 91 Ky., 407, tends to sustain the foregoing decisions.

In the case at bar there has been no separation of law

and facts by the court, nor any motion made for a new trial. The request for a separation of the findings of the court, as before stated, came too late. It follows, therefore, that the only question that this court can consider is whether there is any evidence to support the judgment. It must be conceded that the petition shows a right to recover, and although it is controverted by the answer, yet there is some evidence conducing to show a right to recover, and in the absence of a separation of law and facts by the court, and in the absence of motion and grounds for new trial, we can not enter into a consideration of the evidence as to whether or not the judgment is flagrantly against the evidence, or not supported by sufficient evidence. This case must stand upon the same principle applied at the conclusion of the testimony of plaintiff to the jury upon a motion to give peremptory instruction; the rule in such case being that if there is any evidence tending to authorize a verdict that a peremptory instruction should never be given, so in this case there being some evidence tending to support the judgment, we can not weigh and determine the sufficiency thereof; nor can we at all consider any error of law occurring at the trial, or involved in the rendition of the judgment.

We now hold that a request for a separation of law and facts in a case like the one at bar, must be made within the time allowed by law for moving for a new trial. A party may also move for a new trial as well as to make the request for separate findings. He may do either or both. If a separation only be given, as requested, this court will consider the law and the facts as found, and review

the correctness of each. If a bill of exceptions be filed this court will also determine whether or not the evidence supports the finding of facts. A motion for a new trial and bill of exceptions will in like manner bring all questions of law and fact before this court for review.

Judgment affirmed.