L. & N. R. R. Co. v. Elizabethtown District Public School.

that as the minor Hopkins was doing business as if of full age, and had the appearance of an adult, he must plead affirmatively that he disclosed to the agent selling him the merchandise sued for the fact that he was a minor; otherwise, the chancellor must hold him estopped to plead his infancy as a defense to the action for the price of the goods. On the return of the case, the chancellor followed the opinion of this court; and, as Hopkins neither pleaded nor proved the vital fact required in the opinion, a judgment was rendered against him.

Under the authority referred to, we are powerless to disturb the judgment, and it is therefore affirmed.

CASE 45—ACTION FOR TAXES—JANUARY 19, 1899.

## L. & N. R. R. Co. v. Board of Trustees of Elizabethtown District Public School.

APPEAL FROM HARDIN CIRCUIT COURT.

1. NEW TRIAL—MOTION FOR, ENTERED AS OF PRECEDING TERM—JUDG-MENTS IN VACATION.—The submission of a cause upon law and facts at the last of a term with the agreement that the judgment may be entered in vacation as of the last day of the preceding term will preclude the parties from entering motion and grounds for a new trial at the same time, unless the agreement reserves the right to enter such motion; and an entry of such motion at the ensuing term as of the date of the judgment will be too late.

2. RECORD—IMPEACHING BY RECITAL OF RECORD.—A recital entered of record that the orders of the preceding term yet remain unsigned is insufficient to show the fact.

L. & N. R. R. Co. v. Elizabethtown District Public School.

W. H. MARRIOTT FOR APPELLANT.     (H. W. BRUCE OF COUNSEL.)

1. The court erred in permitting appellees to file grounds for a new trial at a term of court subsequent to the term during which the judgment was rendered and the court should have sustained the motion of the appellant to set aside the order filing said grounds.

2. The court erred in assuming as true, in its instructions, questions of fact put in issue by the pleadings.

3. The question of whether a tax should be levied was submitted to *all the qualified voters* in the district and was not restricted *to white voters* alone as required by the law under which the vote was taken.

4. The vote was not taken in the district authorized to vote the tax, but in a district excluding some who should have been permitted to vote on the question and including a number of others not originally in the district and who should not have been permitted to participate in the election.

5. The property on which the tax is levied is not the property on which the Legislature authorized a tax to be levied, but some such property was excluded and other property upon which they had no right to levy the tax was included, which fact might, and perhaps did, have considerable influence upon the vote upon the proposition to levy the tax.

6. The court erred in not giving instructions asked by the appellant, submitting to the jury issues of fact made by the pleadings and upon which evidence was heard upon the trial.

7. Under the admissions in the pleadings the plaintiffs should not have recovered taxes upon exceeding 95-100 of a mile of the defendant's road in the district and its motion for a judgment notwithstanding the verdict for all except taxes on that amount of mileage should have been sustained.

8. The payment by the appellant of $1,357.87 is admitted, the mistake was proven, no defense being interposed to this claim, except an attempt to plead the five years statute of limitations. This defense was not well plead and hence was no bar; the court should, therefore, have given judgment in favor of the appellant for this sum upon its motion for judgment on the pleadings.

9. The act of the Legislature under which the appellees are attempting to collect this tax is unconstitutional.   In the distribution

L. & N. R. R. Co. v. Elizabethtown District Public School.

of the school fund no distinction should be made of race or color.

10. The taxes levied under this act are not uniform upon all the property in the territory or district levying the same, nor are said taxes collected under a general law. In this, it violates sec. 171 of the Constitution.

Citations: Cooley on Taxation, pp. 244, 245, 255, 259; Clark v. Irvin, 5 Nev., 111; Town of Walnut v. Wade, 103 U. S., 683; Com. v. L. & N.R. R. Co., 17 Ky. Law Rep., 991; Bullock v. Curry, 2 Met., 171; People v. John Gochenour, 54 Ill., 123; Hardin v. Owings, 1 Bibb., 214; McDonald v. City of Covington, 5 Ky. Law Rep., 613; McArthur v. City of Dayton, 5 Ky. Law Rep., 333; Mayes, &c., v. Slemmons, 13 Id., 660; Com. v. Barret, 13 Id., 452; 6 Am. & Eng. Enc. of Law, 298; Toney v. Harris, 9 Ky. Law Rep., 36; People v. Rafter, 89 Ill., 337; Jacksonville, &c., R. R. Co. v. Virden, 104 Id., 339; Slaughter v. City of Louisville, 12 Ky. Law Rep., 61; Bate v. Speed, 10 Bush, 644; Acts 1871, vol. 2, p. 389; Rodemer v. Mitchell, 90 Tenn., 65; Marshall v. Donovan, &c., 10 Bush, 681; Slack v. M. & L. R. R. Co., 13 B. M., 22; Lynne v. Burgoyne, 13 Id., 402; White v. Davidson, 63 Am. Dec., 699; Lyon v. Jerome, 37 Id., 271; Lowe v. Perkins, 33 Id., 217; Downing v. Rugar, 34 Id., 227; L. & N. R. R. Co. v. Com., 1 Bush, 250; Pennington v. Woolfork, 79 Ky., 13; Common School Dist. No. 13, Kenton County v. L. & N. R. R. Co., 15 Ky. Law Rep., 880; L. & N. R. R. Co. v. Com., 17 Id,, 136; Hutcherson's Exr. v. Taber, 13 Id., 430; Fraize, &c., v. Com., 17 Id., 347; Newman's Pld. & Prac., p. 670; Rankin v. Turney, 2 Bush, 556; Hieronymous v. Mayhall, &c., 1 Bush, 518; Board v. Jolly, 5 Id., 86; Chiles v. Drake, 2 Met., 148; Con. of Ky., secs. 183, 187, 171; Ky. Stats., secs. 4100, 4101; Acts of 1878, vol. 2, p. 193.

SPRIGG & CHELF FOR THE APPELLEE.

1. The legality of the school district will be presumed. Tevis v. Elizabethtown, 7 Dana, 394; 21 Am. & Eng. Enc. of Law, 783.

2. After the lapse of eighteen years the presumption will be indulged that the election was regular, and in this case that presumption is strengthened by the evidence of two of the trustees who are still acting as trustees. Trustees of Common School Dist. v. Garvey, &c., 80 Ky., 163.

3. The railroad company can not complain of any discrimination

against the negro race.  No person can raise a constitutional
question except one who is affected by it.   Norman, &c., v. Boaz,
&c., 85 Ky., 561; Marshall v. Donovan, 10 Bush, 681.

4. The assessment was sufficient in form.  Ky. Cen. R. R. Co. v.
Pendleton County, 8 Ky. Law Rep., 517; Trustees of Common
School Dist. No. 15 v. L. & N. R. R. Co., 15 Ky. Law Rep., 880:
L. & N. R. R. Co v. Com., 17 Ky. Law Rep., 137; L. & N. R. R.
Co. v. Common School Dist., 108 of Hardin County, 18 Ky. Law
Rep., 554.

5. No demand was necessary for the payment of these taxes because
the time of such payment was fixed by law and known to the
appellant.  Ky. Cent. Ry. Co. v. Pendleton County, 8 Ky. Law
Rep., 517; Newman Pldg. & Prac., pp. 364, 367, 369, 370, 376.

6. The demurrer to the answer of the appellant setting up a set-off
and counterclaim for the taxes paid, should have been sustained
for two reasons; first, because the claim is barred by limitation;
and, second, because the party having had a day in court and
instead of litigating, has voluntarily paid, he is without remedy.
City of Louisville v. Anderson, &c., 79 Ky., 344; L. & N. R. R. Co.
v Hopkins County, 87 Ky., 605; Louisville v. Com., 89 Ky., 539.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant for taxes claim-
ed to be due from appellant for school purposes for the
years 1888 to 1892, inclusive; amounting, as claimed, to
$1,180.97.   To the petition as amended a number of de-
fenses were interposed, but, in our opinion, they are not
necessary to be considered, for the decision of this case.
The case was submitted to the court without a jury on
December 14, 1895, upon the law and facts.   From the
record it appears that on the same day, which was the
last day of the November term, a judgment was entered
for plaintiff for $669.60, and by another order that on the
same day the plaintiff filed motion and grounds for new
trial.   But upon the first day of the next (March) term an
order was entered which shows that the appellant moved
to set aside the order appearing on the order book of the

court as of the last day of the November term; filing grounds and moving for a new trial. This order of March 3, 1896, discloses the circumstances under which the judgment and the order filing the motion and grounds for new trial were entered, as follows: "On the hearing of this motion, it appears that this action was submitted to the court on the last day of the last November term of this court, with the understanding the record was to be taken by the judge to his home, in Leitchfield, and considered by him on briefs filed by the attorneys, and the record to be returned with the written opinion of the court, and judgment entered thereon as of the last day of the term; the records of the last term having been left unsigned by the judge. On the return of the case by the judge to the clerk, in vacation, the plaintiff's attorney prepared the judgment of the court as entered on Order Book 31st, p. 410. The case rested here until on Monday the first day of this March term, 1896, when the plaintiff's attorney moved the court to have the aforesaid motion for a new trial entered as of the last day of the last November term,—the order not having been signed by the judge,— to which the defendant, by attorney objected. The court overruled the objection and permitted said motion to be entered as of the last day of last November term, to which the defendant excepted; and now the court overrules the defendant's motion to set aside said orders, to which the defendant excepts. The orders of the court made on the last day of the November term, 1895, have not yet been signed by the judge." Subsequently the motion for new trial was sustained, another trial was had, before a jury, and a verdict rendered for $1,234.44, which was, on motion of appellee, remitted as to all over $1,180.97, the amount claimed in the petition.

The errors first complained of upon this appeal are the entry of the order filing the motion and the grounds for new trial on the first day of the March term, as of the last day of the preceding November term, and the order sustaining the motion for new trial.   When the parties agreed that a judgment might be entered in vacation, in accordance with the opinion of the circuit court, as of the last day of the previous term, and that judgment was signed by the judge at the next term, it became a valid and binding judgment upon the parties, as of the last day of the previous term.   We must assume that it was so signed, in the absence of anything in the record to show that it now remains unsigned; and this the recital by the court, in the order heretofore quoted, that the order book was at that date not signed by the judge, does not, in our opinion, show.   The Code provisions as to motion for new trial require (section 342) that "the application for a new trial must be made at the term in which the verdict or decision is rendered; and, except for the cause mentioned in section 340, subsection 7, shall be within three days after the verdict or decision is rendered, unless unavoidably prevented."   This provision applies as well to decisions by the court to which the law and facts have been submitted as to an ordinary action.   (Helm v. Coffey, 80 Ky., 176, and Houston v. Roach, 11 Ky. Law Rep., 52).   Now, the motion for new trial in this case was, as matter of fact, and as found by the circuit court, not made until the first day of the following term.   The understanding between the parties as to the entry of the judgment would seem to have embraced the right to enter, in connection with the judgment, such objections, exceptions, and motions for new trial, etc., as might be necessary or proper to the taking of an appeal, as well as the granting of an

appeal to either party; and in fact the judgment did provide that an appeal was granted to each party. But it would seem, also, that such an agreement as to the entry of the judgment was a waiver by the parties of the right to enter a motion for a new trial as of the last day of the term, unless such motion were recited in the judgment entered in like manner as the order granting an appeal to each party was in fact embraced therein. And this rule can be applied nowhere with greater propriety than to a case like this, where the party which sought to set aside the judgment prepared and presented it to the clerk without embracing in it any recital of a motion for a new trial. This judgment was not only a judgment, but a verdict, as the case was submitted to the court upon the law and the facts. Had the verdict been rendered by a jury upon the last day of the term, the motion for a new trial must have been upon that day; and this though a motion for judgment *non obstante* was pending. (Ruhrwein v. Gebhart, 90 Ky., 147, [13 S. W., 447].

By no stretch of construction can the agreement and the understanding between the parties be made to embrace the right to either party to make motions at the ensuing term, the right to make which would have expired by lapse of time. The only effect which that agreement can have, or could have been intended to have, was to give an order entered in vacation the same validity which it would have had if entered in term time. In accordance with the opinion by Judge Cofer in Bennett v. Tiernay (78 Ky., 584), it did have that effect when the judgment was signed by the judge at the next term. Not so, however, of the motion for a new trial, which the finding of the circuit court itself shows was not entered until the first day of the next term, and

was  then,  against  appellant's  objection,  ordered  to  be
entered  as  of  the  last  day  of  the  preceding  term.    It  fol-
lows,  therefore,  that  it  was  erroneous  to  permit  the  filing
of  the  motion  for  new  trial,  and  to  sustain  it.    For  the
reasons  given,  the  judgment  is  reversed  and  the  cause
remanded,  with  directions  to  set  aside  the  second  judg-
ment  and  the  order  granting  a  new  trial,  and  to  re-enter
the  first  judgment.