CASE 79.—ACTION BY R. H. CASEY AGAINST THE TRUST
CO. OF AMERICA, &c.—February 3.

# Trust Co. of America v. Casey
## Same v. Young, &c.

Appeal from Henry Circuit Court.

C. C. MARSHALL, Circuit Judge.

From a judgment for plaintiff defendant appeals,
and from a judgment allowing the claims of Young
and others the Trust Company appeals. Judgment
for Casey reversed, and judgment for Young reversed
in part and affirmed in part.

1. Mortgages—Priority Over Mechanics' Liens—Registration.—
   Under Ky. Stats. 1909, section 2463, providing that a
   mechanic's lien shall take effect from the commencement of
   the labor or the furnishing of the materials, but that the
   lien shall not take precedence of a mortgage unless the
   lienor files a statement that he has performed labor or fur-
   nished material, or expects to do so, a mechanic's lien exist-
   ing at the time a mortgage was executed and recorded was
   inferior to the mortgage, where no statement was filed before
   the recording of the mortgage.
2. Same.—Under Ky. Stats. 1909, section 2492, as amended in
   1896, containing a like provision, in respect to labor or
   materials furnished for the construction of a public improve-
   ment, a lien thereunder is inferior to a mortgage recorded
   before the filing of the lien notice.
3. Corporations—Insolvency—Wages—Preferences.—Under   Ky.
   Stats. 1909, sections 2487, 2488, giving employes of a corpora-
   tion placed in the hands of a receiver a superior lien for
   wages due within a specified time before the distribution of
   the assets among creditors, and providing that no president
   or other chief officer, nor any director or stockholder, shall
   be deemed an employe, a stockholder and director and man-

ager of a corporation in the hands of a receiver is not entitled
to a preference.

4.  Judgment—Modification—Jurisdiction of Court.—Where the
court at a term of court rendered judgment for one party
and without objection reversed decision on other issues, on
condition that the judgment subsequently entered should have
the same effect as if entered in term time, a judgment on
the other issues entered in vacation was a judgment as of the
previous term, and the court at the subsequent term was
without jurisdiction to modify it, except in the modes pre-
scribed by the Code.

JOHNSON & HIEATT for appellant.

D. A. SACHS and TURNER & TURNER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee in the first-styled case is a contractor and
builder, and was employed by the Eminence Electric
Light Company to furnish the material and erect by
original construction a power house in which to place
its engine, dynamo, and other machinery and im-
provements in connection therewith. Appellee fur-
nished the material and completed the contract,
ceasing to labor thereon the 1st of July, 1904. There-
after, on the 20th of August, 1904, he filed a state-
ment in writing, verified by his affidavit, setting forth
the balance due him therefor, and for which he claimed
a lien. This statement was prepared according to
the provisions of section 2494, Ky. St. 1909. On the
10th day of December, 1904, he instituted this action
to enforce his lien. Some time during the year 1904,
and before the 20th day of August, the Electric Light
Company issued 50 bonds, of the value of $1,000 each,
and executed a mortgage to secure the payment of
them. Appellant Trust Company, of America ap-
peared in this action and filed its pleading by which
it claimed to own two or three of these bonds as

trustee for Bird S. Coler & Co., and asserted that it had a prior lien, by reason of the mortgage referred to, for their payment.

The lower court determined that appellee's lien was prior to appellant's on the part constructed by him. Appellee's lien, it is claimed, was secured to him by reason of the provisions of section 2463 or section 2487, Ky. St. 1909. He furnished the material and performed the labor in this Commonwealth, and his lien existed, although not recorded, when the mortgage under which appellant claims a lien was executed and recorded in the county court clerk's office. By the terms of section 2463 of the Kentucky Statutes of 1909 any person who performs labor or furnishes material in the erection of a building, by contract with the owner of the real estate upon which it is constructed, shall have a lien thereon. The same section further provides: "And said lien on the land or improvements shall be superior to any mortgage or incumbrance created subsequent to the beginning of the labor or the furnishing of the materials; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials: Provided, that such lien shall not take precedence of a mortgage or other contract lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming such prior lien shall, before the recording of such mortgage or other contract lien or conveyance, have filed in the clerk's office of the county court of the county wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials, as aforesaid, a statement showing that he has performed or

furnished, or that he expects to perform or furnish, such labor or materials, and the amount in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed, as set forth in such statement.''

Appellee furnished the materials and erected a building for the electric light company, and filed its claim in the county clerk's office as required by section 2468 of the Kentucky Statutes of 1909, after appellant's mortgage was recorded, but did not file in such office a statement showing that he had or intended to furnish materials and erect a building on the lot of the electric light company, as required by section 2463, above referred to, before the mortgage of appellant was duly recorded. Therefore, under that section, the lien of appellant is superior to that of appellee. Appellee, however, claims a superior lien by reason of the fact that his erection of the building was for a public improvement and an "original construction," such as is provided for by sections 2487 and 2492, Ky. St. 1909. It is not necessary for us to determine whether the improvement made by appellee in the case at bar is such as is contemplated and covered by these sections, for the reason that section 2492 contains, in substance, the same clause as section 2463, requiring a person who furnishes materials and erects a building, to enable him to obtain priority over an after-recorded mortgage, to file in the county clerk's office a statement to the effect that he ''expects to furnish materials and erect the building, etc. As appellee failed to file this statement before appellant's mortgage was recorded, he cannot be adjudged to have priority over

appellant by virtue of the section of the Statutes last referred to.

But it is claimed for him that the material furnished and the labor performed by him was in the original construction of the building, and that the amendment of section 2492 of the Statutes, enacted in 1896, requiring a statement to be filed in the county clerk's office of one's intention to erect a building, etc., does not apply to him. That part of the amendment referred to is as follows: "Provided, that as to all original construction such lien shall be prior to all liens theretofore or thereafter created on the part so constructed, and on no other part." We do not so understand the amendment. In our opinion, the only change in the section was to give a claimant for original construction a prior lien over all other liens. The section, as it existed before the amendment, only gave a superior lien over claims thereafter created. Under the amendment the lien is superior to all liens theretofore or thereafter created; but it does not relieve the claimant of the necessity of filing a statement of his intentions to erect the improvement, in order that he may have priority over liens thereafter created.

Having arrived at this conclusion, it follows that the lower court erred in adjudging that appellee's lien was prior, or superior, to appellant's.

The appeal in the case of Trust Company of America, trustee, against Young and others, is from a judgment in favor of Young for $250, W. P. Thorne for $150, D. A. Sachs for $100, and in favor of Frank W. Smith for $40. Some time after Casey instituted this action for the enforcement of his lien, the court, upon showing made, appointed a receiver to take charge of and operate the electric light plant; one

Peak being made the receiver. Young asserted a superior lien for his services rendered the electric light company, under sections 2487 and 2488, Ky. St. 1909. The services rendered by Young, for which he presented his claim, were rendered as manager for the electric light company. By section 2488 it is provided that the employes have a prior lien on the property for wages coming due them within six months before the property or effects come to be distributed among creditors, as provided in section 2487: "But no president or other chief officer, nor any director or stockholder of any such company, shall be deemed an employe within the meaning of this article." Appellee Young testified that he was the sole manager of the electric light company in Eminence; that he was a stockholder and had been elected a director of the company. In our opinion Young was not entitled to a superior lien on the property of the insolvent corporation for his services, for the reason that he is excluded from a lien by the express terms of the Statutes; i. e., he was a chief officer, a stockholder, and a director of the electric light company, within the meaning of the statute. He was barred from asserting a lien by holding any one of the three positions.

It is not necessary to pass upon the question as to whether or not the services rendered by Thorne and Sachs entitled them to a lien under the statutes referred to, or any other, for the reason that there is an insuperable obstacle in the way of sustaining the judgment appealed from, in so far as it allows their claims. At its May term the court rendered a judgment in behalf of Casey, and, without objections, closed the judgment with the following language, to wit: "On all other questions arising in this action,

the court takes time, and the opinion handed in by the judge shall be entered as the judgment of this court and have the same effect as if entered in term time.'' On August 15th, in vacation, the court entered the judgment in which it disallowed the claim of D. A. Sachs and W. P. Thorne. That part with reference to their claims is as follows: ''The claims of D. A. Sachs and W. P. Thorne are disallowed, to which they, and each of them, except, and pray an appeal to the Court of Appeals, which is granted.'' This judgment was entered by the clerk in the order book, and was signed by the judge on the first day of the succeeding September term of court. On the 24th day of September the court entered another judgment, in which the claims of D. A. Sachs and W. P. Thorne were allowed. In that judgment is the following recital: ''So much of the order entered in vacation and signed by the judge of this court at the present term as disallowed the claims of W. P. Thorne and D. A. Sachs is set aside and held for naught, and D. A. Sachs, attorney for the receiver, is allowed $100.'' Appellant moved to set aside this last judgment as void, but the court overruled its motion, to which it excepted, and prayed an appeal, which was granted.

The cases of Bennett v. Tiernay, 78 Ky. 580, and L. & N. R. R. Co. v. Board of Trustees of Elizabethtown District Public School, 105 Ky. 358, 49 S. W. 34, 20 Ky. Law Rep. 1228, expressly settle this question. In the last case cited the court said: ''When the parties agreed that a judgment might be entered in vacation, in accordance with the opinion of the circuit court, as of the last day of the previous term, and that judgment was signed by the judge at the next term, it became a valid and binding judgment

upon the parties as of the last day of the previous term." Under these authorities the judgment rendered by the court on the 24th day of September, 1907, in which it undertook to set aside the judgment of the previous term with reference to the claims of Thorne and . Sachs, and allow their claims, was a nullity in so far as these claims are concerned. The judgment of the court at the May term, which was signed on the 1st day of the September term, became final as of the last day of the May term, and it was beyond the power of the court to alter or change it, except in the modes prescribed by the Code, but which was not done in this case.

Appellant concedes that appellee Smith was an employe and rendered services for the electric company, and that he had a prior lien for the amount of his claim for services rendered by him within the preceding six months before the property of the electric light company passed into the hands of the receiver. Appellant claims, however, the amount allowed him, $40, was too much for the services rendered. It appears from the record that possibly the judgment was for too great a sum; however, it is small, and the matter doubtful, and we are unwilling to disturb it.

For these reasons, the judgment in favor of Frank W. Smith is affirmed, and the judgment in favor of Young, Thorne, Sachs, and Casey is reversed, and case remanded for further proceedings consistent herewith.

. Petition for rehearing by appellee overruled.