# Bingham et al. v. Mills.

(Decided Nov. 25, 1938.)

HIRAM H. OWENS for appellants.

TUGGLE & TUGGLE for appellee.

Opinion of the Court by Judge Thomas—Affirming.

This ordinary ejectment action was filed in the Knox Circuit Court by the appellee and plaintiff below against appellants and defendants below on March 22, 1928. Plaintiff in her petition alleged that she was the owner of a described tract of land in Knox County, and that defendants under a claim of title in them had wrongfully taken possession of about two acres of her

described tract, which was triangular in shape, being about 300 feet wide at the base and coming to a point about one-half mile distant at the top of a mountain—the dispute, of course, being over the correct location of their dividing line.

Defendants answered, denying plaintiff's ownership of the strip of land, and asserted ownership in themselves as well as the right of possession thereof, and they prayed for a dismissal of plaintiff's petition and that they be adjudged the owners of the disputed land; but they unnecessarily prayed that their title to it be quieted—a consequence that would inevitably result from a dismissal of the petition followed by an adjudication that defendants were the owners of and entitled to possession of the land in dispute.

Notwithstanding the pleadings were in that condition, the court (evidently through oversight) on May 3, 1928, rendered a default judgment in favor of plaintiff; but she did not apply for a writ of possession until in April, 1937, when she made motion therefor pursuant to notice. Defendants appeared and resisted the motion on the ground that the somewhat ancient default judgment was prematurely rendered, and at a time when defense was interposed resisting plaintiff's right of recovery, thus requiring testimony on her part to establish her alleged title. For such reason defendant at the same time moved to set aside the default judgment. The court overruled plaintiff's motion for a writ of possession but sustained defendants' motion to set aside the default judgment, thereby restoring the status of the case to the condition it occupied immediately prior to the rendition of the default judgment. The parties then began to take their proof by depositions, although no motion for any order of transfer of the cause from the ordinary to the equity docket had been made, nor was any such order ever entered.

After the proof had been so completed, and on July 17, 1937, the court adjudged that the plaintiff by her proof had established her title to the disputed land, and that she was entitled to the possession of it. From the judgment based on such findings, defendants prosecute this appeal.

The beginning of the judgment—as it is copied into the transcript of the record—states: ''This cause being on submission to the court for judgment upon the plead-

**554**

ings, depositions and exhibitions (the right of a jury being waived by both parties) and by agreement of the parties, the case has been prepared by depositions, and it appearing,'' etc. It, therefore, will be seen that both the parties and the court recognized the fact that the action was an ordinary one and triable by a jury; but, by agreement a jury was waived and the ordinary issue was submitted to the presiding judge of the court for determination. The excerpt likewise discloses that the parties also waived the prescribed mode of introducing the proof and agreed that it might be taken by deposition, to have the same force and effect as if their witnesses, who could be forced to attend the trial, were present and testified in open court.

It is, therefore, clearly made to appear that the court, as well as the parties to the litigation, did not lose sight of the fact that the action was an ordinary one, and that its trial by the court instead of before a jury—as well as the method of introducing the proof—were each the result of agreements of the parties which was concurred in by the court. Therefore, counsel's assumption (as stated in his brief) that both the parties and the court treated the cause as an equitable one and triable as such, is refuted by the record itself.

There was no motion for a new trial made by defendants, nor was there any bill of exceptions, or bill of evidence, filed in the cause—hence the argument by plaintiff's counsel that the only question before us is whether or not the pleadings sustained the judgment appealed from. We have concluded that the position of plaintiff's counsel is the correct one, and that the judgment must be affirmed, if the pleadings sustain it.

In note (9) to section 342 of our Civil Code of Practice the cases of Helm v. Coffey, 80 Ky. 176, 3 Ky. Law Rep. 677; Henderson v. Dupree, 82 Ky. 678, 6 Ky. Law Rep. 702; Louisville & N. R. Co. v. Board of Trustees, 105 Ky. 358, 49 S. W. 34, 20 Ky. Law Rep. 1228; Albin Co. v. Ellinger, 103 Ky. 240, 44 S. W. 655, 19 Ky. Law Rep. 1886, and Sovereign Camp, W. O. W., v. Hornung, 190 Ky. 381, 227 S. W. 465, are cited in support of the proposition that, when the law and facts are submitted to the court upon the trial of an ordinary action, motion and grounds for a new trial must be filed within the same time that would be required if the trial had been by a jury instead of by the court. A later case to the

same effect is that of Wilson v. Louisville & N. R. Co., 257 Ky. 144, 77 S. W. (2d) 416.

Those cases and others that might be cited firmly settle the rule of practice as indicated, as well as the further and consequential one that, in the absence of a motion for a new trial, the only question that may be considered on appeal is, whether or not the pleadings sustain the judgment. It is also an equally well settled rule that, when there is no bill of evidence—approved by the trial judge and made a part of the record by an order of court filing it within the proper time—this court on appeal is similarly circumscribed in its review of the judgment on appeal therefrom.

The only effort made by counsel for defendants—in avoidance of the urged failures to follow the correct practice—is his contention that the cause was treated in the court below as an equity action, notwithstanding it never became such, or was asked to become such, by any order of court, and notwithstanding the further fact that the excerpt, supra, from the judgment clearly shows affirmatively that counsel's argument is unsustainable, since it is contradicted by the record.

The record contradiction thereof, as we have seen, nowhere gives color to the statement that the case was "prepared as an equity action," or that it was submitted "as an equity action," or that it was tried "as an equity action," or that it was treated by the parties as such, as counsel asserts in his brief.

Finally, counsel has this to say with reference to ground (6) of section 340 (allowing the granting of a new trial when "the verdict or decision is not sustained by sufficient evidence"), "To put that same proposition (factual determination) back to the court who decided the case, would be a foolish procedure." His argument, if sound, might effectually be urged before the Legislature to induce it to repeal that subsection; but it is unconvincing when presented in a court of the Commonwealth in discharging its duty under the subsection, which has become the established and crystallized rule by an unlimited number of our opinions rendered since the adoption of the Civil Code of Practice.

However, if the appeal had been properly prepared so as to entitle us to look to the evidence to determine the correctness of the judgment appealed from, and if

that evidence had been properly certified to us, as it is contained in the volume brought here, we could not then say that the findings of fact by the court were flagrantly against the evidence, or even against the preponderating weight of it, so as to authorize us to reverse it for that reason. Wherefore it is affirmed.