## Regenhardt Const. Co., Inc., v. Southern Ry. In Kentucky, Inc.

March 21, 1944.

As Extended on Denial of Rehearing

June 20, 1944.

James T. Robertson for appellant.

Edward P. Humphrey ·for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The action was instituted by appellant against appellee for refund of alleged overcharges for freight carried by appellee on its lines from Louisville, Kentucky, to Pisgah, Kentucky, and from Louisville, Kentucky, to Lexington, Kentucky. It is alleged that the rates charged were in excess of the published tariff for a longer haul over the same line, viz., from Louisville to Frankfort, Kentucky, via Georgetown. The right of recovery, based upon the alleged facts, is asserted under the provisions of Section 218 of the Constitution, and KRS 276.230 enacted in pursuance thereof. Section 218 provides:

"It shall be unlawful for any person or corporation, owning or operating a railroad in this State, or any common carrier, to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of property of like kind, under substantially similar circumstances and conditions, for a shorter than for a longer distance over the same line, in the same direction, the shorter being included within the longer distance; but this shall not be construed as authorizing any common carrier, or person or corporation, owning or operating a railroad in this State, to receive as great compensation for a shorter as for a longer distance: Provided, That upon application to the Railroad Com-

mission, such common carrier, or person or corporation owning or operating a railroad in this State, may in special cases, after investigation by the Commission, be authorized to charge less for longer than for shorter distances for the transportation of passengers, or property; and the Commission may, from time to time, prescribe the extent to which such common carrier, or person or corporation, owning or operating a railroad in this State, may be relieved from the operation of this section.''

KRS 276.230, in so far as pertinent, recites:

''Long and short hauls. (1) No common carrier, within the meaning of sec. 218 of the Constitution, shall charge or receive any greater compensation in the aggregate for the transportation of persons or property of like kind, under substantially similar circumstances and conditions, for a shorter than for a longer distance, over the same line and in the same direction, the shorter being included within the longer distance.''

By stipulation filed in the record, appellee admits that it charged appellant ninety-nine cents (99c) per short ton on all sand transported from Louisville to Pisgah, and One Dollar and Five Cents ($1.05) per short ton on all sand hauled from Louisville to Lexington. It is likewise admitted by the record that appellee has published the fact that it will accept similar cargo at Louisville for delivery to Frankfort, Kentucky, at the rate of sixty-six cents (66c) per short ton. But appellee denies by its pleadings that shipments from Louisville to Frankfort are made over the same line or in the same direction as the hauls from Louisville to Pisgah and Louisville to Lexington. It affirmatively alleges that the haul from Louisville to Frankfort is made under an agreement with the Frankfort and Cincinnati Railroad Company, which is neither owned nor operated by appellee; and since the haul from Louisville to Frankfort is over two separate and distinct railroads not under the same management, Section 218 of the Constitution and KRS 276.230 do not apply to the case. It is upon this issue of fact, and this court's construction of Section 218 of the Constitution in Commonwealth v. Chesapeake & O. R. Co., 115 Ky. 57, 72 S. W. 361, as applied to the factual issue, that appellee relied in defense of the action.

As we view the record, the question of whether the Frankfort and Cincinnati Railroad Company is operated by appellee is the only pertinent issue of fact raised by the pleadings. The record brought to this court shows that an order entered by the court on the thirteenth day of November, 1942, among other things, recites:

"Came parties by counsel and on motion of defendant by counsel it is ordered by the Court that John L. Gruber, Official Stenographer, be and he is hereby appointed to take down the testimony for the purposes as required by law.

"Came parties by counsel and this action herein heard by the Court.

"It is ordered by the Court that this action be and is submitted in chief with leave to parties to file briefs.

"Ordered by the Court that John L. Gruber, Official Stenographer, be and he is allowed the sum of Five Dollars for his services to be paid by defendant and taxed. as costs herein."

On the ninth day of March, 1943, one exhibit each by the plaintiff and the defendant, without objection on the part of the other, was ordered filed. On the sixteenth day of April, 1943, the following judgment was entered:

"This action having been heard by the Court on the law, facts and proof and submitted and the Court being sufficiently advised, it is therefore considered, ordered and adjudged by the Court that the plaintiff's petition be and the same is hereby dismissed and that defendant recover of the plaintiff, its costs herein expended, and may have execution therefor, and to all of which the plaintiff by counsel objects and excepts."

The court's opinion deciding the case on its merits, both as to law and fact, is made a part of the judgment. On the twentieth day of April, 1943 (a Sunday having intervened), appellant filed its motion to set aside the order (judgment) of April 16, 1943, and alleged as grounds for the motion that it had not agreed to have the case submitted, except upon the question as to whether a relief order of the Kentucky Railroad Commission was applicable to the route from Louisville to Frankfort, via Georgetown, and the further allegation that the court advised counsel for appellant that if an adverse decision to it were reached in respect to that

question, appellant would be permitted to introduce "certain proof;" and that, in reliance upon said agreement, appellant did not introduce any proof at the hearing on Nevember 13, 1942, and that the case was briefed before the lower court solely upon the question of the applicability of the relief order to the issue involved in the case. On May 17, 1943 appellant moved the Court to vacate and set aside the order of November 13, 1942, in so far as the order recited the cause was submitted and heard by the Court upon agreement of the parties, and that the action was submitted in chief. On May 21, 1943 the motion to set aside the judgment was overruled by an order of the court, in which the court recited that the case had been submitted in chief on November 13, 1942, with leave of the parties to thereafter file briefs, and which was done. The first complaint on this appeal is that the court erred in overruling appellant's motion to set aside the judgment entered upon April 16, 1943, upon the grounds recited above.

Appellant on the first page of its brief says:

"The facts surrounding this appeal, and the reason this case is before the court at this time, is due to the strangest circumstances that we have ever experienced, or have ever heard of in any matter from any source.

"Although the record shows that there was a trial in this case before the court without a jury, or rather that the case was submitted in chief after hearing, appellant is in the strange position of not being able to file a bill of exceptions, for the reason that there never was one word of proof introduced in this case, nor any agreed statement of facts, contrary to what the record shows, and this is because the appellant has not up to this time had his day in court, or his right to a hearing, which should not be denied any litigant."

We agree with counsel that the facts surrounding this appeal present strange circumstances; but we are confined to the record to determine what occurred in the lower Court. It is admitted by the statement quoted above that the record shows there was a trial of the case on its merits, after the court heard proof; and the only pertinent issue of fact raised by the pleadings was decided by the court, viz., that the Frankfort and Cincinnati Railroad was not owned or operated by appellee at the times mentioned in the pleadings. That being true,

the motion of April 20, 1943 must be considered as a motion for a new trial; and although the motion itself recites that the court was sitting as a court of equity, the record discloses that the suit was filed as a common law action, was never transferred to the equity docket, and was heard by the court by agreement of the parties without the intervention of a jury. That being true, the case was tried on law and facts by the judge, and the application for a new trial must be made under the provisions of Sections 340 and 342 or Section 518, Civil Code of Practice. Bingham et al. v. Mills, 275 Ky. 552, 122 S. W. 2d 133. The motion for a new trial, if treated as if filed under the authority of Sections 340 and 342, was filed too late. Judgment was entered on the sixteenth of April, 1943, which was Friday. The motion for a new trial would have had to have been filed on April 19 to have been considered by the court (April 18, Sunday, intervening), since the requirement that the motion shall be made within three days means three juridicial days, and the day on which the verdict or decision is rendered and the day on which the motion is made are both computed. Louisville R. Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077. Should the motion be treated as a motion for a new trial under Section 518 of the Civil Code of Practice, it was fatally defective, in that it failed to allege any of the grounds set out in that section of the Code.

It is apparent the court did not err in overruling the motion for a new trial.

As hereinbefore indicated, the remaining question calls for construction of Section 218 of the Constitution and KRS 276.230, in respect to their applicability to lesser rates charged for a "longer haul" over conjunctive lines operated by separate and distinct railroads than charged for a shorter haul over one of the conjunctive lines. It is admitted by counsel for appellant that the precise question has been decided by this court in Commonwealth v. Chesapeake & O. R. Co., supra; but counsel earnestly insists that the opinion in that case should be overruled, because, in his opinion, the Federal cases therein relied on, viz., Chicago & N. W. R. Co. v. Osborne, 8 Cir., 52 F. 912, 3 C. C. A. 347, and Parsons v. Chicago & N. W. R. Co. 167 U. S. 447, 17 S. Ct. 887, 42 L. Ed. 231, have been overruled by the Supreme Court in United States v. Atchison T. & S. F. R. Co., 234 U. S.

476, 34 S. Ct. 986, 58 L. Ed. 1408. We cannot agree with this contention, for two reasons: First, we are of the opinion that United States v. Atchison T. & S. F. R. Co., supra, does not overrule the cases relied on in Commonwealth v. Chesapeake & O. R. Co., supra. The Parsons and Osborne cases construe a provision of the United States Transportation Act previous to its amendment in 1910 and 1920, 49 U. S. C. A. sec. 4 note. The Atchison case construes the statute after its amendment. The amendment to the Transportation Act, which was incorporated as Section 4 of the Interstate Commerce Act, 49 U. S. C. A. sec. 4, makes it unlawful for railroads engaging in interstate commerce to charge a lesser rate for a longer than for a shorter haul over the same line *or route,* and in the same direction; whereas the Act, before amendment, read, as Section 218 of our Constitution and KRS 276.230 still read, that no lesser rate shall be charged for a longer haul than for a shorter over the same *line,* and in the same direction. In both the Osborne and the Chesapeake & O. R. Co. cases, the courts assigned special significance to the use of the word "line" in the statutes involved. The opinion in the latter, quoting from the former recites (115 Ky. 57, 72 S. W. 363):

" 'The use of the word "line" is significant. Two carriers may use the same road, but each has its separate line. The defendant may lease trackage rights to any other railroad company, but the joint use of the same track does not create the "same line," so as to compel either company to graduate its tariff by that of the other.' "

Elsewhere, still quoting, the opinion reads:

" 'Where two companies owning connecting lines of road unite in a joint through tariff, they form for the connected roads practically a new and independent line.' "

In railroad parlance, "a line" is an operating unit under one management over a designated way or right of way; whereas, a route is a designated course over a way or right of way, irrespective of the singleness or multiplicity of operation thereon. The addition of the words, "or route," in the amendment to the Federal Act no doubt was made to avert the consequences of the decisions in the Osborne and Parsons cases; but neither our Constitution nor our Statute has been amended to

effect such a change. But, even if the opinion in the Atchison case could be construed as overruling the decisions in the Osborne and Parsons cases, such could not be adopted as authority for overruling this court's opinion in Commonwealth v. Chesapeake & O. R. Co., supra, for the following reason: As pointed out in that case, at the time of the original enactment of KRS 276.230, the Federal Courts in the Osborne and Parsons opinions had construed the Federal statute, from which our act was taken; and, as pointed out in that opinion, it must be presumed that the language of the Federal Act was adopted by our Legislature with knowledge of that construction. That being true, we must presume conclusively that the Legislature not only adopted the language of the Federal statute, but likewise adopted and approved the construction placed upon that language by the Federal Courts at the time of the original enactment of KRS 276.230, irrespective of the fact, if it were a fact, that subsequent decisions of the Federal Courts place a different construction on the same language.

The judgment is affirmed.