## Thorne, et al. v. Eminence Electric Light Co., et al.

(Decided January 17, 1911.)

### Appeal from Henry Circuit Court.

Setting Aside Order for Fraud.—The breach of an agreement to consent to the court's allowing an attorney a fee to which it had been theretofore adjudged he was not entitled, can not operate as a fraud upon the procurement of that previous order which had disallowed the fee.

D. A. SACHS, SR., D. A. SACHS, JR., WM. P. THORNE, MORRIS A SACHS, JR., for appellants.

JOHNSON & HIEATT for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Casey claimed a mechanic's lien for work done in constructing the power house of the Eminence Electric Light Company, and filed his suit in equity to enforce his lien. The Trust Company of America, by a cross-pleading, set up its claim as mortgagee. An order was entered requiring all persons claiming liens against the property of the electric light company to file their claims in that case. The appellants, W. P. Thorne and D. A. Sachs, each filed a claim against the Light Company for $250 as attorneys's fees for services rendered, and claimed a first lien to secure their payment. Exceptions were filed by the trust company to the claims of

Thorne and Sachs, and by a judgment at the May term, 1907 (entered on August 15th, in vacation), the court rejected the claims of Sachs and Thorne in the following order: "The claims of D. A. Sachs and W. P. Thorne are disallowed, to which they, and each of them, except, and pray an appeal to the Court of Appeals, which is granted." At the September term, 1907, of the court, the following order was entered:

"Exceptions to the claim of Wm. P. Thorne to the extent of one hundred dollars is sustained, and overruled as to the balance, and he is allowed one hundred and fifty dollars. D. A. Sachs, attorney for the receiver, is allowed one hundred dollars. The claims of Thorne, et. al., are adjudged superior to the claim of the Trust Company of America; so much of the order entered in vacation signed by the judge of this court at the present term as disallows the claim of Wm. P. Thorne and D. A. Sachs is set aside and held for naught."

The Trust Company of America contended that the order entered at the September term was void, and unsuccessfully moved the court to set it aside for the reason that the circuit court had lost control over the order of the May term, by which it had disallowed the claims of Thorne and Sachs. Upon the appeal of the trust company from the order refusing to set aside the order of the September term, this court, in an opinion filed February 3d, 1909, said:

"Under these authorities the judgment rendered by the court on the 24th day of September, 1907, in which it undertook to set aside the judgment of the previous term with reference to the claims of Thorne and Sachs, and allow their claims, was a nullity in so far as these claims are concerned. The judgment of the court at the May term, which was signed on the 1st day of the September term, became final as of the last day of the May term, and it was beyond the power of the court to alter or change it, except in the modes prescribed by the Code, which was not done in this case." (Trust Co. of America v. Casey, 131 Ky., 771.)

On May 14th, 1910, Thorne and Sachs filed this suit in equity against the Light Company and the trust company, as trustee under the mortgage, praying the court to vacate the judgment of the May term, 1907, which disallowed their claims, and grant them a new trial. The circuit court sustained a demurrer to the petition as amended and dismissed it upon failure to further amend. From that judgment this appeal is prosecuted.

The petition is framed under section 518, subsection 4, of the Civil Code of Practice, which provides that the court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify the judgment "for fraud practiced by the successful party in obtaining the judgment." The petition alleges that the order entered at the September term, allowing the fees of appellants, was an agreed order, although that fact does not appear from the order; that the circuit judge declined to enter it until after he had been assured by counsel for the trust company that no exceptions would be taken to the order, or any appeal therefrom, but that counsel for the trust company afterwards directed the clerk to reserve an exception for, and grant an appeal to the trust company, which the clerk did. The petition is evidently framed upon the idea that counsel for the trust company perpetrated a fraud upon the court and upon the appellants, in consenting to the order of the September term allowing appellants' fees, and in afterwards directing the clerk to enter an exception to that allowance. The petition further states that appellants did not know that the exception had been reserved to the order of the September term until after they had collected the fees which it had allowed them. The petition proceeds upon an entirely erroneous theory. Evidently the circuit judge was of opinion that appellants were not entitled to the fees claimed, and so held in the order entered at the May term. But, when it was represented to that court, according to the allegations of the petition, that all parties concerned had agreed to the allowance of the attorneys' fees claimed by appellants, he allowed them by the order of the September term, although the court did not believe they were entitled to them. This suit, however, seeks to vacate and set aside the order of the May term which disallowed the appellants fees before any of the acts now complained of as the basis of this action, had occurred. It is difficult to understand how the breach of an agreement to allow an attorney a fee to which it had been adjudged he was not entitled, can operate as a fraud upon the procurement of that previous order which had disallowed his fee. It is true, the petition in this case states that, by reason of their said agreement to allow the fees and the ruling of the court in setting aside the judgment of the May term, rendered out of term time, which disallowed their claims, and entering the order at the September term, allowing their claims, appellants were thrown off their guard and

lulled into security until the order of the September term, allowing their claims was reversed after the time had elapsed in which appellants could have appealed from the judgment of the May term, which had disallowed the fees; that by reason thereof they were precluded from appealing from said judgment, and that their only remedy is by a petition for a new trial. In this, however, they are clearly mistaken, since their claims were disallowed by the judgment of August 15th, 1907, while the opinion of this court, upholding the validity of that order and annuling the order of September 24th, 1907, was filed on February 3d, 1909, which was less than two years after the entry of the order disallowing their claims, and from which they had theretofore appealed. We do not mean to hold that appellants would have been in any better position if more than two years had expired between the order disallowing their claims and the decision of this court finally pointing out the real situation of the parties; we only point out the fact that appellants are in error in this allegation and that it is a mere conclusion. Clearly, appellants had a complete and adequate remedy by prosecuting their appeal from the ruling of the court at the May term which disallowed their claims; but this they failed to do. Moreover, there was no reason for being misled by the action of counsel for the trust company in appealing from the order of the September term. In doing so, he was acting clearly within his rights, while appellants were fully cognizant of the situation, and argued for their contentions upon the appeal. Counsel for the trust company had the undoubted right to insist, by means of an appeal, if necessary, that the law be properly declared upon the record as made up; and if his opponents acted in violation of the rights of the parties as finally determined, they, like other litigants, must bear the consequences.

Wherefore, the judgment is affirmed.