CLEMENT, BANE & COMPANY, *a Corporation*, v. S. T. HARTZELL.

**No. 11130.**

PRACTICE, DISTRICT COURT—*Motion for New Trial Filed too Late.* A general verdict together with answers to particular questions of fact was returned by a jury on the last day of the May term of the district court, 1897. Afterward, and on the same day, the defendant below filed a motion for judgment in his favor on the particular questions of fact answered by the jury. The hearing of this motion was continued over the term, and was overruled on October 26, 1897, at the October term of the court. On the next day the defendant filed a motion for a new trial, which was sustained. *Held,* that the motion was filed too late, and the court erred in sustaining the same.

Error from Chautauqua district court; C. W. SHINN, judge. Opinion filed March 11, 1899. Reversed.

*Dobbs & Stoker,* for plaintiff in error.

*H. E. Sadler,* and *J. B. Ziegler,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On the 27th day of May, 1897, at the regular May term of the district court of Chautauqua county, a verdict was returned in favor of the plaintiff below, Clement, Bane & Company, against the defendant S. T. Hartzell, sheriff, for the sum of $4357.57, together with certain special findings of facts submitted to them by the plaintiff and defendant. Afterward, and on the same day, the defendant filed his motion for judgment in his favor on the particular questions of fact answered by the jury, notwithstanding the general verdict. This motion was filed on the last day of the May term, and counsel for plaintiff and defendant having announced that they were not fully

prepared to argue such motion, the hearing of the same and further proceedings in the cause were by the court, with the consent of both parties, continued to the next term of the court, with leave to either party to present written briefs in the meantime. The next term of the court commenced on the fourth Tuesday in October.

On the 25th day of October, 1897, the defendant filed his motion to set aside and vacate the special findings of the jury and the answers made to twelve of said particular questions, for the reason that the answers were not supported by the evidence and were contrary thereto. On the following day this motion was overruled, and on the same day the motion of the defendant for judgment in his favor, notwithstanding the verdict, was argued, considered by the court, and overruled. Thereupon the plaintiff below moved the court for judgment in accordance with the verdict of the jury theretofore rendered on the 27th day of May, 1897, which motion was by the court sustained, said judgment being as follows :

"It is therefore considered, ordered and adjudged by this court that the plaintiff herein, Clement, Bane & Company, a corporation, do have and recover of and from the said defendant, S. T. Hartzell, the sum of $4357.57, with interest thereon at the rate of six per cent. per annum from the 26th day of October, 1897, and costs of this suit, taxed at $————. And hereof let execution issue."

Afterward, on the 28th day of October, 1897, the defendant filed his motion for a new trial, as follows :

"Now comes the above-named defendant and moves the court to vacate and set aside its decision and judgment in the above cause, and to set aside the verdict and special findings of the jury, for the reasons following, to wit: (1) That the decision and judgment of

the court are not sustained by the evidence, or by sufficient evidence. (2) That such decision and judgment are contrary to the evidence. (3) Errors of law occurring at the trial, and excepted to by defendant at the time. (4) Error of the court in excluding material and competent evidence offered by the defendant. (5) Error of the court in refusing to require the jury to answer special questions submitted to them by both the plaintiff and defendant. (6) Error of the court in refusing to require the jury to answer more fully and specifically the questions submitted by the defendant and numbered. (7) That under the general verdict and the special findings of the jury the court has no power to render judgment for any amount in favor of the plaintiff."

On the 10th day of November, 1897, the same being one of the days of the regular October, 1897, term of said court, said motion came on to be heard. The plaintiff below objected to its consideration upon the ground that the same was not filed within three days from the rendering of the verdict, nor at the same term at which the verdict was rendered, which objection was overruled. Thereupon the court sustained the motion.

Section 318 of chapter 95 of the General Statutes of 1897 (Gen. Stat. 1889, ¶ 4403) provides :

"The application for a new trial must be made at the term the verdict, report or decision is rendered ; and, except for the cause of newly-discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The word "decision" in the above section has reference to the decision of the court where the action is tried without a jury. Hence, the first two grounds of the motion for a new trial were inapplicable to a

case where the judgment is based upon the verdict of a jury. (Gen. Stat. 1897, ch. 95, § 316; Gen. Stat. 1889, ¶ 4401.) The remaining grounds for a new trial, with the possible exception of the last one, are founded upon alleged errors committed by the court which preceded the return of the verdict. Manifestly such errors must be brought to the attention of the court by a motion filed at the same term at which the verdict was returned, and within three days thereafter. (*Glass Co. v. Bailey*, 51 Kan. 192, 32 Pac. 897.) Under the statute this court can review the action of the district court in granting a new trial, or in refusing to do so, after a verdict has been received and before any judgment has been rendered thereon. (Gen. Stat. 1897, ch. 83, § 7; Gen. Stat. 1889, ¶ 4641; *City of Ottawa v. Washabaugh*, 11 Kan. 124.)

In the case of *City of Osborne v. Hamilton*, 29 Kan. 1, a motion was filed for judgment upon the special findings of the jury immediately after the general verdict and special findings were returned. The motion was heard and overruled by the court eight days afterward, and immediately thereafter defendant filed a motion for a new trial, founded upon errors and irregularities occurring at and during the trial, and no reason was given for not filing the motion earlier, except that the motion for judgment on the special findings of the jury was undisposed of before the court. It was held by this court in that case that the motion for a new trial was not filed within proper time and could not be considered; that the reason given for the delay in filing the same, because the motion for judgment on the special findings of the jury was pending and undisposed of, was insufficient, and the motion was in fact a nullity because filed too late.

In *Fowler v. Young*, 19 Kan. 150, the court uses the following language :

" Various errors are alleged as occurring during the trial in the admission of testimony, etc. ; but unfortunately for the plaintiffs in error, the motion for a new trial was not filed until four days after the verdict, and no reason shown for the delay.  Hence, as already settled by this court, none of these questions so fully discussed by counsel are before us for consideration."

In *Railroad Co. v. Holland*, 58 Kan. 317, 49 Pac. 71, in discussing the question as to whether a motion for a judgment on the special findings and a motion for a new trial are consistent with each other, the court uses the following language :

"Each is an attack on the general verdict, and, if it is not set aside upon the first motion and judgment given on the special findings, the court is asked upon the second motion to set it aside and grant a new trial. Probably a written motion for judgment on the findings is not essential. . . . If such a motion is filed and the decision thereon is not promptly given, a party cannot safely defer his motion for a new trial. . . . The pendency of a motion for judgment on the findings affords no excuse for a delay in filing the motion for a new trial more than three days after the rendition of the verdict.  A motion filed after that time is a nullity."

The defendant below seems to have relied upon his motion for judgment on the particular questions of fact, and it was only after this motion was overruled that he interposed his motion for a new trial.

The seventh ground of the motion for a new trial seems to relate to the action of the court in refusing to sustain the motion of the defendant below for judgment on the findings of the jury.  No motion for a new trial was a necessary prerequisite to a review of

that question by this court. Here an issue of law arises. Section 316 of chapter 95, General Statutes of 1897, defines a new trial to be a reexamination in the same court of an issue of fact. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718.)

The defendant in error contends that the motion for a new trial having been filed within three days after the judgment, and at the same term of court judgment was rendered, the requirements of the statute were satisfied. This position is untenable for the reasons above stated. The motion having been filed more than five months after the return of the verdict, and at a subsequent term, the court was without power to grant the same.

The order sustaining the motion for a new trial will be reversed, with directions to enter judgment on the verdict in favor of the plaintiff below.