James Jenkins v. W. T. Kirtley.

No. 13,962.   (79 Pac. 671.)

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Contract Ambiguous—Evidence of Intent.*   The
partnership contract involved in this case is ambiguous in re-
spect to the matter of who should furnish work teams to carry
on the partnership enterprise; therefore it was proper that the
court should take evidence concerning the situation and circum-
stances of the parties and other relevant facts as they stood
when the contract was made, in order to ascertain their inten-
tion at that time and submit the question, under proper instruc-
tions, to a jury for their advice.

2. ———— *Action for Breach of Contract—Measure of Damages.*
In an action for damages for the breach of a partnership con-
tract it is error to instruct the jury simply to the effect that
they may use their own discretion in assessing the amount; the
elements of damage open to consideration should be enumerated,
and methods and criteria for their estimation should be indicated.

3. ———— *Improper Evidence.*   In an action founded upon a breach
of contract, in which punitive damages are not recoverable,
evidence that after the institution of the suit the defendant
caused the plaintiff to be arrested in a criminal proceeding, from
which he was subsequently discharged, is improper.

4. PRACTICE, DISTRICT COURT—*Jury in Equity Suit—Motion for
New Trial.*   In a case of purely equitable cognizance special
findings by a jury whose advice the court has sought do not be-
come effective until adopted by the court in its decision, and the
time for filing a motion for a new trial should be computed from
the date of that event.

Error from Pratt district court; PRESTON B. GIL-
LETT, judge.   Opinion filed February 11, 1905.   Re-
versed.

*William Barrett*, and *J. D. Houston*, for plaintiff in
errror.

*Noble & Tincher*, and *Charles H. Apt*, for defendant
in error.

51—70 KAN.

The opinion of the court was delivered by

BURCH, J. : In October, 1901, the plaintiff and the defendant entered into a partnership for the purpose of raising, producing, preparing for market and selling live stock and farm products, and for the purpose of dealing in live stock generally. The partnership contract was in writing. The defendant agreed to furnish land and the necessary material to keep it under fence, and money to purchase the live stock with which to begin business, and to take advantage of subsequent bargains and opportunities. The plaintiff agreed to take charge of the land and live stock, furnish and perform all labor necessary to the cultivation of the land, the planting and harvesting of crops, and the feeding and care of the live stock, and to furnish all farm implements, wagons, and harness. For moneys advanced the defendant retained a lien on the partnership property.

The next year, after the firm had accumulated considerable property, differences arose between the partners. The plaintiff brought an action for dissolution and for an accounting, and, claiming that he had been excluded from all participation in the partnership affairs, asked damages for a breach of the partnership contract. The court took the advice of a jury upon certain questions of fact, and special findings were returned to the effect that the defendant had violated the partnership agreement, to the plaintiff's damage in the sum of $2000. Taking this item into consideration in adjusting the partnership accounts, the court rendered judgment in favor of the plaintiff for $1960.45, and the defendant prosecutes error to this court.

One of the grounds of disagreement between the parties was the supplying of teams to do necessary

Jenkins v. Kirtley.

work, the plaintiff claiming that the term "live stock" included such animals, and the defendant claiming that if teams were necessary to enable the plaintiff to perform the "labor" he had contracted to do he should furnish them.   The contract undertook to enumerate the items each partner should provide.   Teams for planting and cultivating crops, hauling feed and the like were not specifically mentioned, although farming implements, wagons and harness were.   The terms "live stock" and "labor" when applied to the omitted subject were both ambiguous, and any arbitrary interpretation the court might place upon them might well be without the fair understanding of the parties when the contract was made.   It was proper, therefore, to take evidence concerning the situation and circumstances of the parties, the nature of the contemplated enterprise and other relevant facts as they stood when the contract was made, to arrive at the actual intention of the parties at that time, and allow the jury to determine the question.   The claims of the parties and the character and scope of the inquiry in this respect doubtless would have been more sharply defined, and the duty of the jury more carefully delineated, had a proper request for further instructions been made.

The court gave the jury a single instruction relating to the measure of damages which reads thus:

"In case that you find either the plaintiff or defendant has sufferred damages by reason of the violation of the partnership contract by the other, then it will be your duty to assess the amount of the damages sustained by him, and the fixing of this amount must be left, in a great measure, to the sound discretion of the jury, under the evidence, facts and circumstances in the case."

The instruction was faulty in that it left the jury without guidance; but, beyond this, it contained a

positive misdirection, in that it told them they could use their own ingenuity in the matter. Having undertaken to state a rule the court should have given one which was correct. The elements of damage open to consideration should have been enumerated and methods and criteria for their estimation should have been pointed out.

"The rules by which damages are to be estimated should be laid down by the court, and it is its duty to explain to the jury the basis on which the assessment should be made, the proper elements of the damages involved, and within what limits they may be estimated in the case involved." (13 Cyc. 236.)

After the institution of the plaintiff's suit the defendant caused him to be arrested in a criminal proceeding from which he was subsequently discharged. The court permitted evidence of these matters to be introduced and in so doing committed error. No foundation for exemplary damages had been established. Whether or not the conduct of the defendant in relation to the partnership affairs had been induced by malicious motives was immaterial. The evidence related to matters occurring after the rights of the parties had become fixed, and could scarcely have any other effect than to aggravate damages.

Other errors complained of were not prejudicial or were waived at the trial.

From the manner in which the partnership accounts were stated the plaintiff argues that the findings of the jury in his favor were not adopted by the court. The journal entry of judgment is conclusive to the contrary. Besides this, it appears that the court first cast the partnership account as a matter separate and distinct from that of the damages allowed for defendant's breach of the partnership contract and then used the sum awarded by the jury

because of such breach in arriving at a balance for which judgment should be rendered.

The motion for a new trial was not filed until more than the statutory time had elapsed after the special findings of the jury were returned, but it was filed in due time after the decision of the court was made adopting them. The plaintiff claims the motion came too late, and hence that errors relating to the proceedings before the jury are not now reviewable.

Both parties acquiesced in the treatment accorded the subject of damages and the question must be determined as if that feature of the case were of purely equitable cognizance as a part of the partnership accounting. So considered the findings of the jury were advisory only, and might be accepted or rejected as the court saw fit. Until the court adopted them they did not become effective as findings but were mere recommendations, and no occasion arose to point out their vitiation by improper instructions or improper evidence. When a general verdict is returned or the report of a referee is made a motion for a new trial must follow, because, if submitted to, judgment ensues as a matter of law; but until special findings by a jury in an equity case are finally adopted by the court and made the basis of its decision, with the taint of error adhering to them, the defendant is under no necessity of moving for a reexamination of the facts they embody.

Upon the plaintiff's theory the defendant might have been required to file two motions for a new trial in order to obtain a complete reexamination of all the facts—one relating to the findings of the jury, and one relating to findings of the court upon matters not submitted to the jury; and, as suggested by counsel for defendant, in cases analogous to that of *Mitchell v. Simpson*, 62 Kan. 343, 63 Pac. 440, in which different

questions were submitted to different juries at different times, motions for new trials might be greatly multiplied. Such a practice is not warranted by the language of the code.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.