ANDREW J. BRUBAKER v. MELISSA BRUBAKER *et al.*

No. 14,519. (86 Pac. 455.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Motion for a New Trial a Condition Precedent—Time of Filing.* Where a case is tried without the intervention of a jury, and the court files findings of fact and conclusions of law which include a determination of the general issue, either party aggrieved by rulings made during the trial, in order to procure their review here, must file a motion for a new trial within three days from the time such findings and conclusions are made, irrespective of the time judgment is rendered.

Error from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed July 6, 1906. Affirmed.

*Alvin R. Springer,* for plaintiff in error.

*Crane & Woodburn Bros.,* for defendants in error; *R. S. Hick,* guardian *ad litem* of defendant in error Owen F. Van Aikin.

Brubaker v. Brubaker.

The opinion of the court was delivered by

MASON, J.: On December 24, 1901, a ceremony was performed purporting to unite in matrimony Andrew J. Brubaker and Melissa Van Aikin, who thereafter for some six months lived together as man and wife. No legal union in fact was accomplished, for the reason that the woman was already married. During their cohabitation Brubaker conveyed various tracts of real estate to Mrs. Van Aikin. In July, 1902, he brought a suit against her and others claiming under her to set aside such conveyances upon the ground that they were executed because he believed her to be his wife and that such belief was occasioned by false and fraudulent representations made by her that at the time of her union with him she was unmarried. The case was tried without a jury. The court found in substance that Brubaker had notice of the prior marriage and was not the victim of false pretenses, and denied him relief. He prosecutes error.

Various assignments of error have been made relating to trial rulings. These cannot be considered, for the reason that the motion for a new trial was not filed in proper time. After the evidence was submitted the cause was held for some time under advisement, and on June 1, 1904, the court announced and filed various findings of fact and conclusions of law, which included, in effect if not in express terms, a statement that the plaintiff was not entitled to recover. On the same day the plaintiff filed motions to modify the findings and conclusions so that they should conform to his views of the evidence and law, and a motion for a judgment in his favor. At the next term of court—on September 6, 1904—these motions were denied. The plaintiff then filed a motion for a new trial, the hearing of which was postponed. Judgment was at once rendered, however, for the defendants. The

motion for a new trial was denied on September 15, 1904. The statute reads:

"The application for a new trial must be made at the term the verdict, report or decision is rendered; and except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." (Gen. Stat. 1901, § 4756.)

The word "decision" as here used clearly refers to, or at all events includes, the announcement by the court of the determination of the issues submitted to it in a cause tried without a jury. (13 Cyc. 428, 2d par. of note 41, citing Indiana cases, and, also, *Clement v. Hartzell,* 60 Kan. 317, 56 Pac. 504; *Jenkins v. Kirtley,* 70 Kan. 801, 79 Pac. 671; *Marshall v. Golden Fleece M. Co.,* 16 Nev. 156, 172; 5 Encyc. Pl. & Pr. 936.) A decision in this case was made when the findings of fact and conclusions of law were filed. It was then incumbent upon the plaintiff, if he was dissatisfied with the rulings made during the progress of the trial, to invite a reexamination of them by a motion filed within three days and at the same term of court. It was not necessary for him to wait until judgment was pronounced. He could even bring his case to this court before that was done. (*Surety Co. v. Ashmore, post.*) The pendency of his motion for judgment did not affect the matter. (*City of Osborne v. Hamilton,* 29 Kan. 1.) His motions to correct the findings and conclusions may perhaps be regarded as motions for a new trial, but they preserve no question for review except as to the effect of the evidence. The plaintiff was not justified in withholding his motion for a new trial because he did not know just what judgment the court might finally render. The same situation arises whenever a jury returns a general verdict and special findings. If the losing party is dissatisfied with these he must challenge them at the time and in the manner

pointed out by the statute. He may not wait until he sees how badly they hurt him before deciding whether he will attack them, and the rule is the same when these determinations are made by the court without the intervention of a jury.

The only question therefore presented by the record is whether there was evidence to sustain the findings and judgment. No purpose would be subserved by reviewing in detail the facts developed at the trial. It is sufficient to say that the testimony supports the findings, the findings support the conclusions, and all support the judgment, which is affirmed.

All the Justices concurring.