BOYNTON LAND & LUMBER COMPANY *v.* DYE.

Opinion delivered January 1, 1910.

1. DAMAGES—CONTRACT TO CUT AND HAUL TIMBER—LOSS OF PROFITS.— Loss of profits is the measure of damages for breach of a contract with plaintiff to cut and haul timber for defendant, but from this must be deducted the cost of work done by defendant, which it wa sthe plaintiff's duty to perform under the contract.

2. CONTRACTS—BREACH—EVIDENCE OF MOTIVE.—In an action for damages for breach of contract, evidence of the defendant's motive for committing the breach is inadmissible, and when admitted over proper objection, constitutes prejudicial error.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver*, Judge; reversed.

*C. A. Cunningham* and *Jones, Hocker, Sullivan & Angert*, of St. Louis, for appellant.

1. The court erred in admitting evidence to show a supposed motive or intent on part of defendant for the breach of the contract. 113 Ind. 282-4; 70 Kans. 801; 70 Pac. 671; 90 U. S. (23 Wall.) 471, 480; 120 Ga. 606; 71 Ill. 540; 189 Mass. 124; 127 Mich. 548; 37 Hun. 519; 3 Grant (Pa.) 198; 130 Wisc. 84

2. Instruction 18 as to the measure of damages was erroneous. Loss of profits cannot be recovered. Nor did the court enumerate the elements of damages nor fix a criterion by which the jury could fix the profits. 140 Mo. App. 200; 123 S. W. 1634; 150 N. C. 183; 70 Kans. 801; 75 Ky. (12 Bush) 134; 13 Cyc. 49.

3. The evidence does not establish a breach of the contract by appellant.

4. It was error to allow the jury to assess as damages the amount expended for the construction of slab roads. Sedgwick on Dam. (9 Ed.), § 607.

*R. A. Nelson* and *G. E. Keck*, for appellee.

1. The evidence tending to show a motive or intent for the breach was admissible for the purpose of throwing light on the question of whether or not defendant breached the contract, and the court so specifically told the jury in instruction No. 15. The evidence was relevant. 16 Cyc. 847-8; 10 R. C. L. 927, 928, § 91; 29 Ark. 386; 10 *Id.* 228.

2. There was only a general objection to instruction 18 on the subject of "profits" recoverable. 73 Ark. 530.

3. Profits lost are recoverable as damages on breach of contract. 95 Ark. 365.

4. The breach was proven by the evidence. This was a fact to be submitted to the jury. 75 Ark. 88; 76 *Id.* 538.

5. The amount expended for slab roads was recoverable as reasonable and necessary expenses incurred. 8 R. C. L. 495; 53 L. R. A. 33; 169 Mass. 326; 21 L. R. A. (N. S.) 692; 95 Ark. 209.

HART, J. ˙Appellee entered into a contract with appellant whereby he was to cut and haul timber to appellant's mill from a certain tract of land near it for a stipulated price, and this action is instituted by him to recover damages for an alleged breach of the contract by appellant. The contract was made in March, 1914, and under it appellee was to receive the sum of $2.75 per thousand feet for the timber cut and hauled by him from the land to appellant's railroad tracks, where the haul was a half of a mile or less and $3.25 per thousand where it exceeded a half of a mile. Appellee worked under this contract until some time in April or May when the mill was shut down. He commenced work under it again in September and continued to work until about December. Appellee stated that information reached him that the company would not let him work under the contract any longer and he asked the general manager about it; that the general manager referred him to the woods foreman; that he was unable to find the woods foreman, who had gone to St. Louis, and that finally after going from one officer to another, he was told that he could not do any more work under the contract; that no reason was given for stopping him. Appellee then stated what profit he had been making while at work under the contract. He also stated that he had expended a certain amount of money in building slab roads for the purpose of hauling timber.

According to the testimony adduced by appellant, it did not stop appellee from working under the contract but its officers stated that they were anxious for appellee to continue hauling the timber. The officers of the company admitted that appellee had leased certain farm lands from appellant and that they had given him notice to vacate these lands when his lease terminated but they said that it had no connection whatever with the timber contract.

Testimony was also adduced by appellant tending to show that it furnished the slabs at the request of appellee to build the road and hauled them to the point on its tracks from which the slab roads were to be

constructed; that they did this whenever requested by persons with whom the company had made a contract for hauling timber but that it was understood that the company was not to be charged for the labor performed in constructing the slab roads. Persons engaged in hauling timber for appellee under his contract testified that they helped build the slab roads and that it was done for the benefit of appellee, and that they made no charge for their services.

The jury returned a verdict in favor of appellee and the case is here on appeal.

(1) It is first contended by counsel for appellant that loss of profits is not the measure of damages for breach of contracts like the one under consideration. We do not agree with counsel in this contention. Logging and lumbering, in their various phases, constitute a business which has been carried on so extensively that the costs and profits of any particular enterprise are no longer a matter of conjecture or speculation, but can be estimated with such certainty as to warrant the use of profits lost as a measure of damages in actions for breach of such contracts. See case note to 53 L. R. A. at p. 52; *Alf Bennett Lumber Co.* v. *Walnut Lake Cypress Co.*, 105 Ark. 421; *Ford Hardwood Lbr. Co.* v. *Clement*, 97 Ark. 522; *Beekman Lumber Co.* v. *Kittrell*, 80 Ark. 228; *Grayling Lumber Co.* v. *Hemingway*, 124 Ark. 354, 187 S. W. 327.

It is also contended that the court erred in allowing to be submitted to the jury the question of whether or not appellant was liable to appellee for the amount expended by him for the construction of the slab roads. In this contention we think that counsel are correct. In estimating the damages, if any, which appellee was entitled to recover, the cost of constructing the slab roads was a part of the expense to be borne by appellee in performing his contract and should have been deducted from his gross profits in order to arrive at his net profits.

Appellee was not entitled to be put in a better position by reason of the breach than he would have

been if appellant had allowed him to carry out the contract. *Magnolia Metal Company* v. *Gale*, 189 Mass. 124; Sedgwick on Damages, 9th Ed., Sec. 607. But it is contended by counsel for appellee that appellant, in an independent contract, agreed to pay him for building the slab roads. We do not think so. Appellee's own testimony does not go to the extent of establishing the fact that appellant either by an express or an implied contract agreed to pay him for constructing the slab roads. His own testimony establishes no more than the fact that appellant permitted him to construct the slab roads and hauled him the slabs from its mill over its log road to the point where he commenced to build the slab roads. The other testimony shows that this was done for the benefit of appellee and was done pursuant to a custom of appellant with all its haulers and that it was understood in such cases that the roads should be constructed without any cost to appellant except to furnish the slabs. Hence the court erred in submitting to the jury the question of appellant's liability to appellee for the construction of the slab roads but under the evidence should have told the jury as a matter of law that appellant was not liable therefor.

(2) Over the objection of appellant, appellee was permitted to show that he and his brother were summoned to appear before the grand jury and that indictments were returned against certain officers of appellant for carrying concealed weapons; that their fines were paid by appellant and that the managing officers of appellant became angry on this account and so expressed themselves to certain persons and stated further that appellee and his brother were causing trouble to appellant and that they did not want them to work for appellant any longer. Error calling for a reversal of the judgment is assigned because of the act of the court in admitting this testimony to go before the jury. We think the action of the court in this respect was prejudicial to the rights of appellant and for that reason the judgment should be reversed. The rule is well settled that in actions for breach of a contract, the losses

sustained do not usually involve any other than pecuniary elements, and for that reason, the motive which causes the breach of the contract cannot increase the injury. Hence the right of recovery is wholly independent of the motive which induced the act or omission which constitutes the cause of action. No foundation for exemplary damages was shown. The intent and motive of appellant or whether its officers acted in good faith or not was wholly immaterial.

The sole question was whether or not appellee's rights were invaded and if so, the amount of damages suffered by him. The particular reasons or motives which appellant or its officers may have had in refusing to permit appellee to continue to work under his contract were not in issue. *Jenkins* v. *Kirtley,* 70 Kan. 801, 70 Pac. 671; *Moyer* v. *Gordon,* 113 Ind. 282; *The Grand Tower Co.* v. *Phillips,* 90 U. S. (23 Wall.) 471; *Duche* v. *Wilson,* 37 Hun. (N. Y.) 519.

For the errors indicated in the opinion the judgment will be reversed and the cause remanded for a new trial.