## Sovereign Camp Woodmen of the World v. Hornung.

(Decided February 4, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. New Trial—Time for Application.—A motion for a new trial must be made at the term in which the verdict or decision is rendered and within three days thereafter unless unavoidably prevented, and this means three days after the entry of record of the verdict of the jury, or the decision of the court when the jury is waived and the law and facts submitted to the court; and does not mean three days after the rendition of the judgment upon the findings of fact either by a jury or by the court.

2. New Trial—Review.—In order to enable this court to review errors occurring at or during the trial, held by the court without the intervention of a jury, a motion for a new trial is necessary.

3. New Trial—Time for Application.—The requirement of section 342 of the Code as to the time within which the motion for a new trial should be made is mandatory, and unless made within the required time the only question before this court on appeal is whether the pleadings sustain the judgment.

4. Appeal and Error—New Trial.—Record examined and—Held that the motion for a new trial in this case was not made in time nor was defendant unavoidably prevented from doing so.

ROBT. L. PAGE and L. D. GREENE for appellant.

ISAAC SHERMAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Sovereign Camp Woodmen of the World, on November 9, 1904, issued and delivered its beneficiary certificate to A. William Hornung (whom we shall refer to as the insured), who was the husband of the appellee and plaintiff below, Benea Hornung, who was made the beneficiary therein, and in the certificate defendant agreed to pay, on certain conditions, to the beneficiary upon the death of the insured occurring after two years from the date of the certificate, the sum of $1,000.00 and the further sum of

$100.00 for the purpose of erecting a monument at the grave of the insured, who died while residing in Louisville, Ky., on January 16, 1917. There was a local camp of the defendant in Louisville, known as Powell Camp No. 9, Woodmen of the World, to which the insured belonged and to the clerk of which the monthly assessments and lodge dues (aggregating $1.60) it is admitted were paid up to September 1, 1916, and we think there can be no doubt from the evidence that they were paid to December first of that year. After insured's death defendant declined to pay any part of the amounts stipulated in the certificate and plaintiff brought this suit to compel it to do so, alleging, among other things, that the insured in his lifetime had complied with all of the requirements and conditions contained in or attached to the certificate and was at the time of his death a member in good standing entitling plaintiff to the relief sought. The answer was a general denial of the averments of the petition, including one that the insured "duly paid all assessments and dues that had been levied against him" by defendant while he was a member of the order; and denied that the certificate sued on was in full force and effect at the time of the insured's death. At the trial a jury was waived and the law and facts were submitted to the court, who tried the case on April 22, 1918. Time was taken, and the court did not render its opinion containing its findings of fact and law until October 12, 1918, upon which day the decision of the court in favor of plaintiff was filed and entered of record. No judgment was rendered at that time, but one was rendered four days thereafter giving plaintiff judgment for $1,-100.00 interest and cost, and to reverse it defendant prosecutes this appeal.

The chief grounds relied on and the only ones possessing any conceivable merit are: (1) The failure of the court to permit competent evidence offered to be introduced by defendant, and (2) that the decision of the court upon the issues of fact presented by the pleading is not sustained or supported by the evidence, but for reasons hereinafter disclosed we do not deem it necessary to determine the merits of either of the grounds urged.

It is the settled practice in this jurisdiction, established by a long line of cases from this court, that in the absence of a motion for a new trial, or one filed in due

time, the only question presented to this court on appeal is whether the pleadings are sufficient to support the complained of judgment. Ruhrwein v. Gebhart, 90 Ky. 147; Boyle v. Stivers, 109 Ky. 253; Farmer v. Bank of Wickliffe, 21 Ky. L. R. 468; Seiler v. Gilley Brothers & Co., 32 Ky. L. R. 1275; Witt v. L. & E. R. R. Co., 158 Ky. 401; Johnson v. Boggess, 179 Ky. 649, and Puckett v. Morris, 181 Ky. 374. It is equally essential for the purpose of obtaining on appeal a review of errors, other than defects in the pleadings, that a motion for a new trial be filed in proper time when the case is tried by the court (the jury being waived) as when the issues are determined by the verdict of a jury. Helm v. Coffey, 80 Ky. 176; Henderson v. Dupree, 82 Ky. 678; Imperial Fire Insurance Co. v. Kiernan, 83 Ky. 468, and numerous other cases following them.

Section 342 of our Civil Code of Practice requires that motions for a new trial must be made at the term in which "the verdict or decision is rendered" and, except for the single ground of newly discovered evidence, the motion must be made "within three days after the verdict or decision is rendered, unless unavoidably prevented." In a number of the cases, *supra,* it is expressly held that it is "imperative" that the motion should be made within the three days provided by that section of the Code. This is tantamount to holding that the requirement for the motion to be made at the same term and within three days from the rendering of the verdict or the decision of the court is mandatory, and in the Seiler case, referred to, it is expressly held that, "This provision (section 342) of the Code is mandatory." It is also well settled that the time for making the motion accrues upon the return of the verdict of the jury into court or, if the case is tried without a jury, when the court renders its decision upon the facts; or differently stated, the motion must be made within three days after the return of the verdict or the decision by the court upon the facts and not within three days after the judgment of the court pronounced upon the verdict or the court's decision. Imperial Fire Insurance Co. v. Keirnan, *supra;* Boyle v. Stivers, *supra;* Ruhrwein v. Gebhart, *supra,* and The McCormack H. M. Co. v. Harned, 7 Ky. L. R. 139, (an opinion by Judge Richards of the Superior Court). In the Kiernan case the verdict was returned on January 13, 1883, but no judgment was rendered

thereon until May 7, 1883. A motion for a new trial was filed the next day, May 8th, but the court held that it was too late, since it should have been filed within three days from January 13th, when the verdict was returned and that the time of the rendition of the judgment could not be considered in the determination of the question. In the Gebhart case, immediately upon the return of the verdict of the jury a motion *non obstante veredicto* was made by the defendant which was not acted on until after five days, after which a motion for a new trial was filed and the court held that it came too late and that the pending motion for a judgment notwithstanding the verdict did not suspend the time within which the motion for a new trial should be made.

With these principles of practice well settled it becomes necessary to examine the record in this case and determine whether defendant's motion for a new trial was made and entered within the time required by the Code as interpreted by the opinions, *supra.* The motion was not filed until November 16, 1918, one month after the rendition of the judgment, and one month and four days after the decision of the court upon the issues of fact involved, which we have seen is equivalent to the verdict of a jury. On the same day defendant entered motion to set aside the judgment entered on October 16, 1912, upon the grounds, as claimed, that it had been filed by plaintiff's attorney secretly and without knowledge on the part of defendant or its attorneys that it would be filed, and that the day upon which it was filed was not a juridical day or one when the court was in session and that defendant's attorneys did not learn of its being filed until November 13, 1918, when the court was still in suspension pursuant to an order to that effect. Such order was entered because of the prevalent influenza epidemic, and because it was necessary to enable attorneys to assist in necessary war work. The record discloses that on October 12, 1918 (the same day the court rendered its decision), at the request of the county health authorities, the sessions of the civil divisions of the Jefferson circuit court were "postponed until November 2, 1918;" that on October 26 an order was entered, concurred in by all the judges in the Jefferson circuit court, directing that a joint session be held on November 2, 1918, but that jury trials be postponed until November 11, 1918; and on November 6 an order

was entered postponing the sessions of the civil divisions of the Jefferson circuit court until November 23, 1918, in order to enable the members of the bar as well as the judges to assist in necessary war work. It is contended by counsel for defendant that because of the orders referred to no session of the court trying this case was held after October 12 until some time after the motion for a new trial was made (November 16th), and that the second one made on January 13, 1919, two days after the re-entry of the judgment on the court's findings of October 12, 1918 (the judgment of October 16, 1918, having been set aside), was within time so as to enable us to consider the errors relied on for a reversal of the judgment.

It is extremely doubtful whether the sessions of the court and its conduct of all business (except the trial of cases) was ever suspended after October 12, 1918, so as to prevent the filing of a motion for a new trial. Indeed it appears that various orders were made in sundry cases day after day, and the only regular business of the court actually suspended was the trial of cases. But, be this as it may, it is affirmatively shown that only *jury* trials were suspended after November 2 till November 11, 1918, and that the court was in session for motions, orders and for all other purposes (except jury and perhaps other trials) on November 2 till November 6, constituting at least four juridical days after the one of October 12, upon which the decision of the court was rendered, and within three days of which the motion for a new trial should have been filed. If we eliminate all of the intervening days between October 12 (within three days from which the motion was due) and November 2, and the days following November 6 till November 23, there still appears more than three juridical days when the court was open for the transaction of business and within which the motion for a new trial could be legally filed. The attorneys for defendant had knowledge of the decision of the court rendered on October 12 and one of them endorsed the judgment which was filed on October 16, 1918, but it is due him to say that he claims that he did not agree for it to be filed until it had been submitted to his co-counsel, which the latter says was never done, but he states in an affidavit filed by him, "that ever since the 12th of October, 1918, this affiant has been watching this action and has been

waiting for a judgment to be presented for approval by plaintiff's attorney,'' and that he ''did not anticipate any step to be taken in this action until the 2nd day of November, 1918.'' Notwithstanding this he says he did not discover the judgment of record until November 13, 1918, although, as we have seen, the court was in session four days between November 2 and November 6.

The orders in this case with reference to the holding of court and suspending its business, or a part of it, were all upon the record and made at the time and place prescribed by the practice of the court, and we find nothing in the record ''unavoidably'' preventing the filing of the motion for a new trial within time. The *prevention*, to be ''unavoidable'' within the meaning of the section, must be something more than a failure to take notice of the sessions of the court. We need not attempt a concrete definition here, since it is sufficient to say that the facts in this record do not bring defendant within the excusing provision of section 342 of the Code..

We therefore conclude that the motion for a new trial was not filed within the time required by law and that the court erred in permitting it to be filed and treating it as timely made, which conclusion leaves only for consideration the sufficiency of the pleadings to support the judgment. Their sufficiency for that purpose is not questioned, as indeed it could not be, and the only alternative, under the rule of practice announced by the cases, *supra,* is to affirm the judgment, which is accordingly done.