## DILLARD v. BERRY et al.

No. 15955—Opinion Filed Dec. 15, 1925.

(Syllabus.)

**1. New Trial—Time for Motion—Delay in Journal Entry.**

Where a cause is tried to the court, in the absence of a jury, and the court takes the matter under advisement and later, and on February 25, 1924, orders judgment for one of the parties as per journal entry to be filed thereafter, and motion for new trial is filed on February 26, 1924, but the journal entry is not filed until July 10, 1924, bearing the date of filing, held, the motion for new trial is filed within time as provided by section 574, Compiled Oklahoma Statutes 1921.

**2. Same—Motion to Dismiss Appeal Denied.**

Record examined, and held, sufficient, and the motion to dismiss is overruled.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action between J. H. Dillard and H. C. Berry et al. From the judgment, the former appeals. Motion to dismiss appeal overruled.

Coakley, Mathers & Norman, for plaintiff in error.

Brown, Brown & Williams, for defendants in error.

RILEY, J. This cause presents error from the district court of Carter county. The defendants in error file a motion to dismiss the appeal, assigning as their reason:

"That the record shows that although the judgment in this cause was rendered on February 7, 1924, that no motion for new trial was filed until February 26, 1924, and more than three days after said judgment was rendered."

The plaintiff in error secured permission from this court to amend the case-made and cause the record to speak the truth, and by agreement and stipulation on July 11, 1925, the case-made was corrected so as to show the following facts:

"This cause was tried on February 6th and 7th, 1924, and then taken under advisement by the district court of Carter county, Okla.; that the same was argued on February 25, 1924, and at that time the said district court of Carter county, Okla., ordered judgment for the plaintiff as per journal entry to be filed and that the journal entry to be filed was later filed on July 10, 1924, bearing date of July 10, 1924, but that same was filed in pursuance to the judgment ordered by the court on February 25, 1924."

The motion for new trial was filed on February 26, 1924. Section 574, Compiled Statutes 1921, provides that the application for a new trial must be made at the term the verdict, report, or decision is rendered, and shall be so filed within three days after the verdict or decision was rendered, unless unavoidably prevented.

In 33 C. J. 1052, it is said:

"The decision or findings of a court, referee, or committee, do not constitute a judgment, but merely form the basis upon which the judgment is subsequently to be rendered."

See, also, Brubaker v. Brubaker (Kan.) 86 Pac. 455; Froman v. Patterson (Mont.) 24 Pac. 692.

In the case of First Nat. Bank of Shawnee v. Oklahoma Nat. Bank, 29 Okla. 411, 118 Pac. 574, this court, in construing section 574, supra, said:

"The word 'decision,' as here used, does not mean the judgment rendered, but the conclusions on the facts which must precede a judgment."

In the case of Brubaker v. Brubaker, 74 Kan. 220, 86 Pac. 455, it is said:

"A decision in this case was made when the findings of fact and conclusions of law were filed. It was then incumbent upon the plaintiff, if he was dissatisfied with the rulings made during the progress of the trial, to invite a re-examination of them by a motion filed within three days and at the same term of court. It was not necessary for him to wait until judgment was pronounced. He could even bring his case to this court before that was done. American Surety Co. of N. Y. v. Ashmore (Kan.) 86 Pac. 453. The pendency of his motion for judgment did not affect the matter. City of Osborne v. Hamilton, 29 Kan. 1. His motions to correct the findings and conclusions may perhaps be regarded as motions for a new trial, but they preserve no question for review except as to the effect of the evidence. The plaintiff was not justified in withholding his motion for a new trial because he did not know just what judgment the court might finally render. The same situation arises whenever a jury returns a general verdict and special findings. If the losing party is dissatisfied with these, he must challenge them at the time and in the manner pointed out by the statute. He may not wait until he sees how badly they hurt him before deciding whether he will attack them, and the rule is the same when these determinations are made by the court without the intervention of a jury.

"See, also, Clement, Bane & Co. v. Hartzell, 60 Kan. 317; Missouri Glass Co. v. Bailey, 51 Kan. 192; Fowler et al. v. Young, 19 Kan. 150."

For the reasons herein stated, we are of the opinion that the motion to dismiss the appeal should be and the same is hereby overruled, and the cause is continued for decision on its merits.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 29 Cyc. p. 931, (2) 4 C. J. p. 600, §2423.