### Laven v. Lewis Dry Cleaning System, Inc.

Feb. 10, 1942.

444

Harry L. Hargadon for appellant.

Robert F. Vaughn for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This action was filed by appellant against appellee, Lewis Dry Cleaning System, Incorporated, and Claude W. Penn, for damages sustained in an accident which occurred at 2 o'clock A. M. Sunday, the 19th day of November, 1937, resulting in injuries to appellant necessitating the amputation of his left leg at the knee.

It is alleged in the petition that plaintiff had brought his car to a stop on the side of the Cane Run Road in Jefferson county, alighted therefrom, and was proceeding to the rear thereof, when he was struck by a truck owned by appellee and being operated by its co-defendant, Claude W. Penn. It was further alleged that at the time of the accident Penn was in the employ of the Lewis Dry Cleaning System, Incorporated, was acting within the scope of his employment, on the business of his employer, and that the injuries were the proximate result of the joint and concurrent negligence of the defendants. Appellee filed a separate answer consisting of a general denial and a plea of contributory negligence which was controverted in the reply.

The trial was commenced on the 17th day of October, 1938. On the following day, at the conclusion of the evidence for plaintiff, the motion of appellee for a peremptory instruction was sustained, and, under the direction of the court, the jury thereupon returned a verdict

in its favor. The trial was continued as to the defendant, Penn, resulting in a verdict for the plaintiff, which was returned on the 19th day of October, 1938. On that date judgment was entered on both verdicts. On the 21st day of October, plaintiff filed his motion and grounds for new trial as against appellee. The motion was overruled, hence this appeal.

Section 342 of the Civil Code of Practice provides that motion for a new trial must be filed within 3 days after the verdict or decision is rendered, unless unavoidably prevented. This provision of the Code has been construed to be mandatory in many decisions of this court among which is Seiler v. Gilley Bros. & Co., 108 S. W. 284, 32 Ky. Law Rep. 1275. In further construction of Section 342 we have held that the time for making the motion for a new trial accrues on the return of the verdict of the jury, if the case is tried with a jury, but, if the case is tried without a jury, the time for making the motion accrues when the court returns its decision upon the facts, i. e., the motion must be made within 3 days after the return of the verdict by the jury, or within 3 days after the decision by the court upon the facts, as the case may be, and not within 3 days after the judgment of the court is pronounced upon the verdict or the court's findings in respect to the facts. Sovereign Camp, W. O. W., v. Hornung, 190 Ky. 381, 227 S. W. 465. We have additionally held that in computing time both the day on which the verdict is returned and the day on which the motion for a new trial is made must be counted. Davis v. Louisville & N. R. Co., 260 Ky. 843, 86 S. W. (2d) 1012, and cases therein cited. Although the judgment in this case was not entered until the 19th day of October, the verdict of the jury was returned on the 18th and entered in the orders of that day. That being true, no Sunday intervening, the last day for filing the motion for new trial was October 20, 1938. Davis v. Louisville & N. R. Co., supra. Since the motion was not filed until October 21, we are without jurisdiction to consider any question on this appeal except whether the pleadings are sufficient to support the judgment, and about which no complaint is made. Sovereign Camp, W. O. W., v. Hornung, supra. We have, nevertheless, examined the pleadings which examination discloses, as appears from the statement at the commencement of this opinion, that all material allegations of the petition were controverted in the answer. Since the motion for a per-

emptory instruction was based on the ground that plaintiff had failed to prove that at the time of the accident the defendant Penn was acting within the scope of his employment, it is apparent that the pleadings are sufficient to support the judgment.

Wherefore the judgment is affirmed.