Matthias, J.
 

 The paramount question presented in this case and that which led to its certification to this court is whether, in a case where a trial by jury has been waived and the trial judge, after hearing, renders a decision upon the issues made, a motion for new trial, filed after the court has announced its decision but before the rendition of judgment and entry thereof approved and filed with the clerk, is prematurely filed and, by reason thereof, the reviewing court is thereby precluded from passing’ on the weight of the evidence.
 

 The provisions of the statute applicable are those of Section 11578, General Code, as follows:
 

 “The application for a new trial must be made at the term the verdict, report, or decision is rendered, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and jjroduee at the trial. The application must be made within three days after the
 
 verdict or decision
 
 is rendered, unless he is unavoidably prevented from filing it within such time.” (Italics ours.)
 

 Whether the motion for a new trial in this case was premature depends upon the meaning of the word
 
 “decision.”
 
 If it means “judgment,” then the motion was premature, for the court had not yet announced or rendered a judgment. If it means the announced finding of the court in lieu of a verdict of a jury, a jury having been waived, the motion was not premature.
 

 The holding of this court in the case of
 
 Boedker
 
 v.
 
 Warren E. Richards Co.,
 
 124 Ohio St., 12, 176 N. E., 660, is applicable and pertinent.' It was announced in the syllabus of that case:
 

 
 *226
 
 “Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.”
 

 The decisions of courts of last resort of other states having statutory provisions similar to our own are in full accord with the view of this court as above expressed. In interpreting statutory provisions substantially identical with our own, the Supreme Court of Nebraska, in the case of
 
 Havens-White Coal Co.
 
 v.
 
 Bank of Rulo,
 
 98 Neb., 632, 154 N. W., 217, held that where a jury is waived and a cause tried to the court, a motion for a new trial filed more than three days after the decision of the court is rendered comes too late. In that case, the motion was filed three days after judgment but six days after the court’s decision.
 

 In interpreting and applying the provisions of a similar statute, the Supreme Court of Kansas, in
 
 Dolan Mercantile Co.
 
 v.
 
 Wholesale Grocery Subscribers,
 
 131 Kan., 374, 291 P., 935, announced a similar conclusion in a “Syllabus by the Court,” as follows:
 

 ‘ ‘ In an action tried by the court to recover insurance money claimed to be due on two fire insurance policies, the court filed findings of fact and conclusions of law constituting the decision of the court on November 10, 1928. Judgment was rendered for plaintiff on December 8, 1928. After judgment and on December 8, 1928, a motion for new trial was filed. The motion was denied on January 4, 1929.
 
 Held,
 
 the motion for new trial was not filed within three days after the decision as the statute required, and was properly denied, presumably on that ground.”
 

 The decisions of the same court in the cases of
 
 Brubaker
 
 v.
 
 Brubaker,
 
 74 Kan., 220, 86 P., 455, and
 
 Alexander
 
 v.
 
 Clarkson,
 
 96 Kan., 174, 150 P., 576, are of like tenor and effect. The “Syllabus by the Court” in the former is as follows:
 

 
 *227
 
 “Where a case is tried without the intervention of a jury, and the court files findings of fact and conclusions of law which include a determination of the general issue, .either party aggrieved by rulings made during the trial, in order to procure their review here, must file a motion for a new trial within three days from the time such findings and conclusions are made, irrespective of the time judgment is rendered.”
 

 Of similar import and effect is the decision of the Supreme Court of Oklahoma in the case of
 
 Dillard
 
 v.
 
 Berry,
 
 114 Okla., 47, 242 P., 234, in interpreting .and applying like statutory provisions.
 

 The Court of Appeals of Kentucky, in the ease of
 
 Sovereign Camp Woodmen of the World
 
 v.
 
 Hornung,
 
 190 Ky., 381, 227 S. W., 465, having before it for consideration the same question which called for the interpretation and application of a statutory provision identical with our own, held as follows:
 

 “* * * the time for making the motion [for new trial] accrues upon the return of the verdict of the jury into court or, if the case is tried without a jury, when the court renders its decision upon the facts * * * and not within three days after the judgment of the court pronounced upon the verdict-or the court’s decision.”
 

 It must be conceded that some confusion has arisen in Ohio by reason of the announcement of this court in the case of
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32, wherein it is stated that the term “decision” is used in the sense of judgment. Subsequent decisions by this court, and particularly that in the
 
 Boedker case, supra,
 
 have had the effect of modifying the statement made in the
 
 Musselli case
 
 above referred to.
 

 It is well established in Ohio that a court speaks only through its journal and that no judgment is rendered until the entry is prepared, approved by the
 
 *228
 
 court and filed with the clerk.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014. However, as clearly indicated in the cases above cited, neither the verdict of a jury nor the decision of a court where a jury has been waived constitutes a judgment. It is expressly provided by Section 11599, General Code, that “When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.”
 

 It follows that in a case where trial by jury has been waived and the trial judge, after hearing upon the issues, renders a decision on the issues made, a motion for a new trial is properly filed within three days after the decision and before judgment in conformity therewith has been entered.
 

 The Court of Appeals, therefore, properly overruled the motion of the appellee to dismiss the appeal and also the motion to strike the bill of exceptions from the record. That court, upon consideration of the record, found that the judgment of the Probate Court “is against the weight of the evidence” and reversed the -judgment on that ground. Since this court does not weigh the evidence, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.