# New Southland Coal Corporation v. McBurney

Jan. 22, 1946.

Logan E. Patterson for appellant.

J. B. Campbell and R. L. Pope for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing appeal, affirming judgment.

Appellee, a watchman in appellant's coal mine, sued to recover under the Fair Labor Standards Act, 29 U. S. C. A. sec. 201 et seq., and recovered judgment for overtime pay, liquidated damages and attorney's fee. The cause is considered on appellee's motion to dismiss the appeal because not prepared and perfected according to applicable provision of the law relating to appeals, this motion having been passed to merits.

The action was one at law, by agreement submitted without the intervention of a jury, at the regular December 1944 term. On February 9, 1945, a special judge filed with the circuit clerk his written finding of facts and conclusions of law. The bill of exceptions shows that the judgment was spread on the order book at regular term time and signed by the regular judge on February 9th. The following order appears in the record being an entry of December 23, 1944:

"A jury trial being waived in this case and same having been heard in part by Hon. Flem D. Sampson, and he being unable to finish same at this term of court by agreement of parties and counsel, Hon. B. B. Snyder

will finish the case and after reading the transcript will render a final judgment and same may be entered as the judgment of the regular Judge of the Knox Circuit Court.''

The record shows that on February 22, 1945, the special judge was in the Knox Circuit Court, ''at which time he signed the judgment on the order book,'' and on that day motion and grounds for new trial were filed and overruled, and appellant tendered and filed bill of exceptions which was merely signed by both the regular and special judges.

The contention of appellee is that the motion for new trial, filed thirteen days after the entry of judgment, was too late and since not in conformity with Code rules requires us to strike the bill of exceptions, and dismiss the appeal, referring us to sec. 342, Civil Code of Practice. The rule is that this motion for new trial must be made within three days from the return of verdict, or finding of facts and conclusions of law. Laven v. Lewis Dry Cleaning System, Inc., 289 Ky. 443, 159 S. W. 2d 16, and cases cited. In this case and Bingham v. Mills, 275 Ky. 552, 122 S. W. 2d 133 (and others), we held that the rule applies where the cause is submitted on law and facts without a jury. Since the motion here was not filed in time we are without jurisdiction to do more than look to the pleadings to see if they were sufficient to support the judgment, and we are of the opinion they were.

Appeal dismissed; judgment affirmed.