Harrison *v.* Kelly.

4-8349                                           206 S. W. 2d 184

Opinion delivered December 8, 1947.

*Sid J. Reid,* for appellant.

*A. D. Chavis,* for appellee.

Smith, J. Appellee sued to recover damages for the alleged breach of an oral contract which he had with appellant by the terms of which he was employed to haul logs owned by appellant from three separate tracts of land, for the agreed price of $8.00 per thousand. We make no attempt to reconcile the testimony which is in hopeless conflict, as this was the function of the jury, but it may be said that the testimony offered by appellee is to the effect that he had a contract which appellant breached, and that damages were sustained as a result

thereof. This being true a cause was made for submission to the jury to assess damages resulting from the breach of the contract.

Appellee did not request any instruction whereby the damages might be determined and assessed, but appellant supplied the omission by asking an instruction which the court gave, in which the jury was told that the loss of the profits which would have inured from the performance of the contract was the proper measure of damages. This instruction conforms to the opinion in the case of *Boynton Land & Lbr. Co.* v. *Dye,* 126 Ark. 513, 191 S. W. 13. Testimony offered by appellee, although in sharp conflict with that offered by appellant, is sufficient to sustain the verdict assessing the damages, and we would therefore affirm the judgment, except the court erred in refusing to give instruction numbered two requested by appellant. This instruction reads as follows:

"The court instructs the jury that, in order that a contract be entirely binding and legal, the observance of its terms and conditions must be binding upon all the parties thereto. So, if the jury believes from the preponderance of the evidence in this case that the terms of the contract sued on left it entirely optional with the plaintiff whether or not he would perform his promise, if you find there was a promise, then this contract would not be binding on the defendant and you should find for the defendant."

. The court gave this instruction after adding thereto a phrase reading as follows: "unless you further find from the evidence that the terms of the contract were changed at different times by promises made by the defendant to the plaintiff." An exception was saved to the modification.

It would be immaterial that the contract was modified provided the modified contract gave appellant the same optional right to perform, as the modified contract would be governed by the same rules of law.

Appellant's testimony is to the effect that he gave appellee no exclusive right to log his timber, and that

appellee had the right to do so or not, as he pleased, and that appellee's own testimony lends support to this contention. He was asked, Q. "Under the agreement, you would work or not work, it was up to you?" A. "Beg pardon?" Q. "You had a right to work or not work?" A. "That's right."

The applicable legal principle is elementary. A party who has the option to perform cannot insist that the other party shall do so. Where it appears that one party was never bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for the lack of mutuality. *Duclos* v. *Turner*, 204 Ark. 1000, 166 S. W. 2d 251.

For the error indicated the judgment is reversed and the cause remanded for new trial.