Moll, Appellee, *v.* Moll, Exr., et al., Appellants.

(No. 2500—Decided February 27, 1959.)

*Mr. William A. Clark,* for appellee.

*Mr. Lewis F. Byers* and *Mr. Clarence J. Stoecklein,* for appellants.

CRAWFORD, J.  Defendant, appellant herein, Louis S. Moll, appeals from a judgment of the Probate Court declaring that Ira J. Moll, deceased, was the owner of the sum of $14,500 in currency contained in envelopes found in the safety deposit box of the decedent; and that the decedent did not declare himself trustee of the money for the benefit of his brother, an appellant herein,

and did not make a gift *inter vivos* of such money to him. The judgment orders distribution accordingly in the estate of the decedent.

Plaintiff, appellee herein, Everett E. Moll, who, like Louis S. Moll, is a brother and beneficiary under the will of Ira J. Moll, deceased, filed a petition in the Probate Court for a declaratory judgment and joined as defendants with Louis S. Moll other brothers and sisters who were also beneficiaries. Louis S. Moll, an appellant, was also made a defendant in his capacity as executor of the estate of Ira J. Moll, deceased.

The evidence discloses that on July 1, 1925, the decedent, Ira J. Moll, rented a safety deposit box in the Merchants National Bank & Trust Company, Dayton, Ohio, whereupon the bank issued to him two keys, and never issued any others; that, around 1929 or 1930, he apparently began handling money for his parents; and that Louis S. Moll, Sr., the father of the parties, being distrustful of banks, was known to have had a considerable sum of money, estimated at $40,000 in gold, within a year or two before his death on April 29, 1934. His widow, Ella May Moll, was the beneficiary under his will. Apparently neither the gold nor any comparable sum of money was administered in his estate.

After the father's death, the mother, Ella May Moll, was given a key to the deposit box of Ira J. Moll who authorized her to enter the box as his deputy, which she did from time to time until her death on July 19, 1954. Ira J. Moll was the sole beneficiary under her will. Her will was filed but not probated, and her estate was not administered.

When the mother died, Louis S. Moll, who lived in Columbus, came to Dayton. According to Louis S. Moll's testimony, Ira J. Moll, on that occasion, on July 23, 1954, gave him a duplicate key to the deposit box and said to him, "There is something in there which belongs to you. It is money." The bank records show that Ira J. Moll then deputized Louis S. Moll to enter the box.

However, Louis S. Moll never entered the box, and never knew what it contained until April 22, 1957, when it was opened in the presence of the Tax Commissioner following the death

of Ira J. Moll, which occurred on April 20, 1957. It was after Ira's death that appellant, on April 20, 1957, asked the bank the number of the box and located Ira's key in Ira's room. The box was opened with Ira's key. Louis did not then have his key, but on May 15, 1957, he returned it to the bank in a letter from Columbus stating that he had located it.

When the box was opened on April 22, 1957, the money here in question was found in several envelopes, on each of which appeared, in the handwriting of Ira J. Moll, these words: "To whom this may concern: Contents are the property of Louis S. Moll."

After his conversation with the appellant on July 23, 1954, Ira J. Moll, and he alone, entered the box a number of times. After his death there was found in one of the envelopes a slip of paper upon which was written, "$500, 8-17-54." Louis S. Moll testified that this "could have been" Ira's handwriting.

The evidence indicates that Ira J. Moll was gainfully and regularly employed during most of his lifetime, but that his earnings were modest and probably insufficient to enable him to accumulate the sum here in question. There is no proof that he had any investments or other income. After his retirement in 1950, he received a pension.

He had a personal checking account in which, upon occasion, he made substantial deposits and upon which he wrote checks in corresponding amounts in connection with the illnesses and funerals of his parents. From the time of his interview with Louis S. Moll on July 23, 1954, until his death on April 20, 1957, he deposited in this checking account various sums totaling $800.

There was some other money in the deposit box, which is not now in controversy.

Plaintiff and other defendant beneficiaries contend that the legal presumption that the money found in decedent's deposit box was the property of the decedent, has not been rebutted. See 21 Ohio Jurisprudence (2d), 157, Evidence, Section 151; *In re Estate of Lowry,* 35 Ohio Law Abs., 170, 40 N. E. (2d), 459, affirmed, 140 Ohio St., 223, 42 N. E. (2d), 987.

Louis S. Moll contends that it was never the property of

the decedent but that if it was, the decedent had effectively transferred its ownership to him by a gift *inter vivos*.

But the principal contention of Louis S. Moll appears to be that after the mother's death this money was held in trust for him. This position is set forth in his brief in these words: "His (Ira J. Moll's) handling of the money was solely for the use and benefit of the parents, and finally, the release to the defendant (appellant) would indicate a trust, in which the parents were settlors, the decedent a beneficiary and the parents and the defendant (appellant) beneficiaries."

Several vital requirements for the support of this theory are lacking. First of all, there is no actual proof that this money ever belonged to the father, Louis S. Moll, Sr., or to the mother, Ella May Moll. If it had belonged to them, there is no evidence that they ever set up any trust to include the appellant, Louis S. Moll, and no evidence that they ever gave to Ira J. Moll any authority to extend its benefits to Louis S. Moll. Hence this trust theory rests only on hopeful conjecture, which is quite inadequate.

Nor can appellant Louis S. Moll prevail on any theory of a trust established by Ira J. Moll as owner. He used no words of trust. He did not say, "I am holding the money for you," but simply, "It belongs to you." He did not use or invest any of the money for appellant's benefit, nor do any act to indicate that he was serving as trustee for appellant Louis S. Moll.

Appellant Louis S. Moll does not claim to have been the original owner of the money. He had not given it to the decedent. He knew nothing about it: Whether the sum was large or small, whence it came, or when, how, why or by whom it was placed in the box. Nor did he know when or why Ira J. Moll wrote upon the envelopes, or why he told him the money was his.

"* * * To constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created." *Jones* v. *Luplow*, 13 Ohio App., 428, at page 431,

"* * * There should be an expression of an intention to become a trustee, not that the owner should use technical words

or language, but he should declare in unmistakable terms that he means to stand in a fiduciary relation to the object of his bounty." *Flanders* v. *Blandy,* 45 Ohio St., 108, 116, 12 N. E., 321.

The most likely theory upon which Louis S. Moll could rest his claim is that of a gift *inter vivos.* The Probate Court found the necessary donative intent in the mind of the decedent as expressed by the donative words "There is something in there which belongs to you. It is money." But that court found that there was not an effective delivery.

We concur in this finding. Decedent never parted with control of the box nor did appellant Louis S. Moll ever take possession. While we do not know whether the amounts or identities of the items were changed after the purported gift, it is clear that decedent continued to enter the box from time to time and apparently opened and then sealed at least one of the envelopes. If the gift had been completed, title would thereupon have passed, and he would thereafter have been without authority or right to do anything affecting the money. On the other hand Louis S. Moll, if a donee, was a very indifferent one; he did nothing whatever regarding the money, never even entering the box to discover the form or extent of the purported gift.

The Supreme Court has made it clear that in situations similar to the one now before us an intended gift *inter vivos* must fail for want of effective delivery. *Bolles* v. *Toledo Trust Co., Exr.,* 132 Ohio St., 21, 4 N. E. (2d), 917; *Flanders* v. *Blandy, supra* (45 Ohio St., 108). *In re Estate of Stevenson,* 79 Ohio App., 315, 69 N. E. (2d), 426, decided by this court, furnishes an example of effective delivery and an accomplished gift; in that opinion Judge Miller carefully distinguished the *Bolles case.* Similar distinctions remove the *Stevenson case* as a precedent in the circumstances now before us.

Counsel for Louis S. Moll argues that decedent's statement that the money "belongs to you" was a declaration against interest. But such a declaration alone will create neither a trust nor a gift. Without either some existing interest or ownership in or some transfer to another, such a declaration can

have no significance or effect. In the cases where such words have been held significant there were other circumstances which made them so, such as original ownership by the claimant. See *In re Estate of Lowry, supra* (35 Ohio Law Abs., 170, affirmed, 140 Ohio St., 223).

It is repeatedly argued also that the presumption of ownership in the decedent arising from the circumstance that the money was found in his safety deposit box has been rebutted and that plaintiff must therefore sustain the burden of proving decedent's ownership. As the Probate Court pointed out, this presumption is not being opposed by either the father's or the mother's estate.

If the decedent was not the owner, then the most logical claimant would seem to be one of the parents' estates, probably that of the mother, who appears to have been the beneficiary under the father's will. Yet such claim of ownership could rest only in conjecture, which is insufficient to meet the presumption of decedent's ownership. And the fact that after the father's death the mother had nothing more than permissive access to decedent's box is at least as strong an indication in support of decedent's ownership as in opposition to it. Furthermore, if the money had belonged to the mother's estate, it would seem probable that decedent would have had her estate administered so as to have acquired it under the provisions of her will in his favor.

Appellant Louis S. Moll therefore is in this position: The theory of a trust settled by the parents is too tenuous to prevail. Unless decedent were at some time the owner of the fund, appellant cannot succeed either upon a trust declared by, or a gift *inter vivos* made by, decedent. Decedent did not effectively do either of these things.

The presumption of decedent's ownership has not been overcome, and the money must be considered assets of his estate.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.

MILLER, J., of the Tenth Appellate District, sitting by designation in the Second Appellate District.